JOSEPH MERNEIGH, Plaintiff-Appellant, *v.* MICHAEL P. LANE *et al.,* Defendants-Appellees.

Fifth District  No. 79-35

Opinion filed August 12, 1980.

Joseph Merneigh, of Menard Correctional Center, of Menard, for appellant, *pro se.*

Charles W. Pulliam, of Illinois Department of Corrections, of Chicago, for appellees.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Plaintiff, Joseph Merneigh, an inmate at Menard Correctional Center, filed a *pro se* complaint for *mandamus* to compel the warden and the librarian at Menard to issue him additional law library passes. The circuit court of Randolph County summarily dismissed the complaint on defendant's motion.

Mr. Merneigh's complaint was filed *pro se* July 6, 1978, together with his request to proceed *in forma pauperis* with supporting affidavits and exhibits. Merniegh alleged that he was allowed no more than two law library visits each week of 1 hour and 15 minutes duration. He urged that defendant's refusal to grant him additional library time violated his asserted constitutional right of access to the courts. Further, he alleged that he had exhausted all available administrative remedies without success.

In a handwritten note to the clerk of the circuit court filed October

23, 1978, Merneigh inquired as to the status of his case. The clerk replied that the complaint had been filed and issued a case number but that summons had not yet issued.

On November 27, 1978, the assistant state's attorney of Randolph County filed a motion to dismiss the complaint, urging that plaintiff was allowed two or three law library visits per week of one to two hours per visit, as was every Menard inmate, and that Merneigh had not shown any entitlement to additional library time. The trial court dismissed the complaint without stated grounds by an order filed the same day. On the following day Merneigh's "Motion to Expedite Issuance of Summons and to Set Hearing Date" was filed. Merniegh therein called attention to his July 6 request that summons issue, and he sought a hearing date and a demand for his personal appearance before the Randolph County court for that hearing. Merneigh's next filing was his notice of appeal.

Merneigh urges on appeal that the cause must be reversed and remanded because: (1) the trial court should have held an evidentiary hearing; (2) the court ruled on the motion to dismiss on the day it was filed without giving him an opportunity to respond; and (3) his complaint stated a cause of action.

Since plaintiff's complaint was dismissed without notice and without opportunity to respond in writing to that motion, the cause must be reversed and remanded for further proceedings.

■■■ It has been held that an inmate in a correctional institution has no right to appear personally in court in a civil matter. (*Payne v. Superior Court* (1976), 17 Cal. 3d 908, 553 P.2d 565, 132 Cal. Rptr. 405; *Armstrong v. Rushing* (9th Cir. 1965), 352 F.2d 836.) This is perceptibly because of the danger and expense which such a right would entail, the obvious motivation therein for spurious suits, and the fact that in most cases the prisoner's presence in court would not materially advance his position. (See *Payne v. Superior Court.*) Neither does a prisoner have an absolute right to argue his own appeal or to be present at proceedings in an appellate court. *Haines v. Castle* (7th Cir. 1955), 226 F.2d 591, *cert. denied* (1955), 350 U.S. 1014, 100 L. Ed. 874, 76 S. Ct. 660; *Price v. Johnston* (1948), 334 U.S. 266, 92 L. Ed. 1356, 68 S. Ct. 1049.

■■ ■ As a prisoner Merneigh's right to access to the courts does not extend to a right to be personally present in court as either an advocate or a party. However, consideration of basic due process does afford him the right to file and have considered written pleadings, motions and responses, and written arguments in support of his contentions and in opposition to the contentions of his adversary. These considerations of basic due process require that Merneigh be given (1) a copy of the motion to dismiss, (2) a meaningful opportunity to respond to the motion by submitting a written memorandum in opposition thereto, (3) in the event

of dismissal, a copy of the order by which dismissal was accomplished, and (4) an opportunity to amend his complaint to overcome its deficiencies, unless it appears from the complaint that the deficiency could not be overcome by amendment. *Armstrong v. Rushing.*

Our view that the cause must be remanded is not altered by the fact that defendant's motion asks that the complaint, not the action, be dismissed, and that the trial court's order of the same day states that the complaint, not the action, was dismissed. The record on appeal bears no indication that plaintiff would have been permitted to amend his complaint, or that the trial court considered the complaint so defective that it could not be saved by amendment. It is not apparent on this record that the action itself was not dismissed. An indigent, *pro se* plaintiff unable to present himself in the trial court by reason of his imprisonment could not be expected to ferret out the difference between dismissal of the complaint and dismissal of the action. We note in this regard that defendants do not argue that the November 27 order was anything other than final and appealable. *Cf. Peach v. Peach* (1966), 73 Ill. App. 2d 72, 218 N.E.2d 504.

Finally, it appears doubtful that *mandamus* is an appropriate remedy in this case. However, we need not discuss the probable merit of plaintiff's complaint. We have determined that he must be given an opportunity to amend, and he might well overcome obvious defects by additional allegations of fact.

The order of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

KARNS and KASSERMAN, JJ., concur.