THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRY SNYDER, Defendant-Appellant.

Fourth District    No. 4—94—0914

Opinion filed February 1, 1996.

Terry Snyder, of Menard, appellant *pro se.*

Barney S. Bier, State's Attorney, of Quincy (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PER CURIAM: Appellant has filed the following *pro se* motions. A request to proceed *in forma pauperis,* a request for a continuance to file the brief, a request that the clerk of this court be required to make the requisite number of copies of appellant's brief when filed, and a request for the common law record and additional documents and an exhibit not contained in the common law record.

■ Appellant's motion to proceed *in forma pauperis* is denied as moot since appellant was previously allowed to proceed *in forma pauperis* when the office of the State Appellate Defender was originally appointed to represent him on appeal prior to appellant's discharge of counsel. Appellant's motion requesting that the clerk prepare additional copies of his brief upon filing is denied.

■ Appellant's motion for release of the common law record and documents and an exhibit not contained therein is also denied. Under Supreme Court Rule 372, removal of records from the reviewing court may be made to either the clerk of the trial court or the party's attorney. (155 Ill. 2d R. 372(a).) Nothing in the language of the rule permits the removal of a record by an incarcerated individual, no doubt, in part, because of the inherent risk of loss or destruction of

the record from any number of causes in an institutional setting. This view is further supported by the long-standing principle that a prisoner has no absolute right to argue his own appeal or be present at the proceedings in an appellate court. (*Merneigh v. Lane*, 87 Ill. App. 3d 852, 409 N.E.2d 319 (1980); *Haines v. Castle*, 226 F.2d 591 (7th Cir. 1955), *cert. denied*, 350 U.S. 1014, 100 L. Ed. 874, 76 S. Ct. 660 (1956); *Price v. Johnston*, 334 U.S. 266, 92 L. Ed. 1356, 68 S. Ct. 1049 (1948).) In view of our discretion in this matter, appellant is advised that, if requested, this court will reappoint the office of the State Appellate Defender to represent him on appeal and provide access to the record to that office.

Finally, appellant's motion for extension of time to file the brief is allowed to and including February 16, 1996.

Motions denied.

COOK, P.J., and STEIGMANN and KNECHT, JJ., concur.