# Illinois Official Reports

## Appellate Court

<br>

***People v. Bradley*, 2017 IL App (4th) 150527**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOANIS M. BRADLEY, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-15-0527 |
| Filed | October 2, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 07-CF-1458; the Hon. Thomas J. Difanis, Judge, presiding. |
| Judgment | Reversed in part and vacated in part; cause remanded. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Martin J. Ryan, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, David J. Robinson, and David Mannchen, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE KNECHT delivered the judgment of the court, with opinion.<br>Presiding Justice Turner and Justice Appleton concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendant, Joanis M. Bradley, appeals from the dismissal of his *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-1401 (West 2014)), arguing (1) his due process rights were violated when the trial court granted the State's motion to dismiss without giving him an opportunity to respond, (2) his petition was not ripe for adjudication at the time it was dismissed, and (3) the circuit clerk improperly imposed fines against him. We reverse in part, vacate in part, and remand for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3 In February 2008, a jury convicted defendant of first degree murder (720 ILCS 5/9-1(a)(2) (West 2006)). In April 2008, the trial court sentenced defendant to 75 years' imprisonment, which included a 25-year sentencing enhancement for personally discharging a firearm that caused the victim's death. The court did not impose any fines against defendant. Defendant's conviction and sentence were later affirmed on appeal and survived a collateral attack. See *People v. Bradley*, No. 4-08-0427 (July 30, 2009) (unpublished order under Supreme Court Rule 23) (affirming on direct review); *People v. Bradley*, 2011 IL App (4th) 100580-U (affirming summary dismissal of defendant's postconviction petition).

¶ 4 In April 2015, defendant filed a *pro se* petition for relief from judgment under section 2-1401 of the Civil Code (735 ILCS 5/2-1401 (West 2014)). In his petition, defendant argued his 25-year sentencing enhancement was void because the trial court did not have the authority to impose the enhancement when no jury instruction or specific finding from the jury was made indicating the State had proved beyond a reasonable doubt he had personally discharged the firearm causing the victim's death.

¶ 5 On May 18, 2015, the State filed a motion to dismiss defendant's section 2-1401 petition. In its motion, the State argued defendant's petition was untimely and the claim raised therein was both forfeited and meritless. That same day, the State's motion was mailed from Champaign County to defendant at Menard Correctional Center.

¶ 6 On May 20, 2015, the trial court entered a written order dismissing defendant's section 2-1401 petition. In its order, the court indicated it considered the State's motion to dismiss and agreed with its arguments.

¶ 7 This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9 On appeal, defendant argues this court should (1) reverse the trial court's dismissal of his section 2-1401 petition and remand for further proceedings and (2) vacate fines improperly imposed against him by the circuit clerk. The State disagrees.

¶ 10            A. Trial Court's Dismissal of Defendant's Section 2-1401 Petition

¶ 11 Defendant argues, citing *Merneigh v. Lane*, 87 Ill. App. 3d 852, 854, 409 N.E.2d 319, 320 (1980), this court should reverse the trial court's dismissal of his section 2-1401 petition and remand for further proceedings because his due process rights were violated when the court granted the State's motion to dismiss without giving him an opportunity to respond. Defendant

also argues, citing *People v. Laugharn*, 233 Ill. 2d 318, 323, 909 N.E.2d 802, 805 (2009), and Illinois Supreme Court Rule 182(a) (eff. Jan. 1, 1967), a reversal and remand is warranted, as his petition was not ripe for adjudication at the time it was dismissed. On either basis, defendant asserts this court should reverse and remand without consideration of the merits of his petition.

¶ 12    The State concedes the trial court "acted prematurely" in dismissing defendant's section 2-1401 petition by not allowing defendant the opportunity to respond to its motion to dismiss. The State maintains, however, "any procedural error" in the court's dismissal does not require remand as defendant's petition fails to state a cause of action and cannot be amended to state a valid basis for relief. Therefore, the State argues, defendant could "not have been prejudiced by the court's premature dismissal of his petition."

¶ 13    Absent an evidentiary hearing, we review the dismissal of a section 2-1401 petition *de novo*. *People v. Garza*, 2014 IL App (4th) 120882, ¶ 18, 5 N.E.3d 240. Likewise, we review a claim of the denial of due process *de novo*. *In re Shirley M.*, 368 Ill. App. 3d 1187, 1190, 860 N.E.2d 353, 356 (2006).

¶ 14    Section 2-1401 of the Civil Code (735 ILCS 5/2-1401 (West 2014)) provides a comprehensive, statutory procedure allowing for the vacatur of final judgments older than 30 days. *People v. Vincent*, 226 Ill. 2d 1, 7, 871 N.E.2d 17, 22 (2007). Proceedings under section 2-1401 are subject to the civil practice rules. *Id.* at 8, 871 N.E.2d at 23. Section 2-1401 petitions "are essentially complaints inviting responsive pleadings." *Id.* The State may answer the petition, move to dismiss it, or ignore it. See generally *Laugharn*, 233 Ill. 2d at 323, 909 N.E.2d at 805.

¶ 15    An individual's right to procedural due process is guaranteed by the United States and Illinois Constitutions. See U.S. Const., amend. XIV, § 1; Ill. Const. 1970, art. I, § 2. "Due process is a flexible concept"; not all circumstances call for the same type of procedure. *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 201, 909 N.E.2d 783, 796 (2009). "The fundamental requirement of due process is the opportunity to be heard, and that right 'has little reality or worth unless one is informed that the matter is pending.' " *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 28, 6 N.E.3d 162 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); see also *In re D.W.*, 214 Ill. 2d 289, 316, 827 N.E.2d 466, 484 (2005) (Due process requires "the opportunity to be heard at a meaningful time and in a meaningful manner.").

¶ 16    It is well established that due process does not allow a trial court to grant a motion to dismiss a complaint without allowing the opposing party notice and a meaningful opportunity to be heard. See, *e.g.*, *Berg v. Mid-America Industrial, Inc.*, 293 Ill. App. 3d 731, 735, 688 N.E.2d 699, 702 (1997) ("It would be unjust, unfair, and inequitable to allow the dismissal order to stand because, from the foregoing litany of events, it is unclear that plaintiffs received proper notice of the [hearing in which the trial court granted the motion to dismiss]."); *Alper Services, Inc. v. Wilson*, 85 Ill. App. 3d 908, 911, 407 N.E.2d 677, 680 (1980) ("[P]laintiffs[ ] *** were not adequately forewarned that they would be asked to defend against a motion to dismiss" and were not given "an adequate opportunity to do so.").

¶ 17    In *Merneigh*, 87 Ill. App. 3d at 854, 409 N.E.2d at 320, the Fifth District held the inmate petitioner was denied due process when the trial court granted the State's motion to dismiss the petitioner's *mandamus* petition without giving him notice of the motion to dismiss and an opportunity to respond. The court noted basic due process required the petitioner to have,

*inter alia*, "a meaningful opportunity to respond to the motion by submitting a written memorandum in opposition thereto." *Id.*

¶ 18    In *People v. Gaines*, 335 Ill. App. 3d 292, 296, 780 N.E.2d 822, 825 (2002), *abrogated on other grounds by Vincent*, 226 Ill. 2d at 12, 871 N.E.2d at 25, the Second District held the defendant's due process rights were violated when the trial court dismissed a section 2-1401 petition after hearing a motion by the State and not allowing the defendant the opportunity to respond. The court again recognized the "basic notions of fairness dictate that the defendant be afforded notice of, and an opportunity to respond to, any motion or responsive pleading by the State." *Id.*

¶ 19    We hold due process bars a trial court from granting an opposing party's motion to dismiss a section 2-1401 petition without allowing the petitioner notice and a meaningful opportunity to respond. Here, two days after the State filed its motion to dismiss, the trial court considered the State's motion and dismissed defendant's petition based on its arguments. The record is absent of any indication defendant was given a meaningful opportunity to respond to the State's motion. This was a violation of his due process rights.

¶ 20    The State contends we need not remand the matter as the trial court's "procedural error" was not prejudicial. In support, the State cites *People v. Malloy*, 374 Ill. App. 3d 820, 872 N.E.2d 140 (2007), *Owens v. Snyder*, 349 Ill. App. 3d 35, 811 N.E.2d 738 (2004), and *People v. Taylor*, 349 Ill. App. 3d 718, 812 N.E.2d 581 (2004). In none of these cases, however, did the court dispose of a pleading based on an opposing party's motion without giving the nonmovant an opportunity to respond. The State also asserts remand is not required based on *Merneigh*, which it asserts held a remand is unnecessary where it appears from the complaint the deficiency cannot be overcome by amendment. The State mischaracterizes the court's holding in *Merneigh*. There, the court plainly held remand was required because the petitioner was not given notice and an opportunity to respond to the State's motion to dismiss. *Merneigh*, 87 Ill. App. 3d at 854, 409 N.E.2d at 320. Only after holding the cause required remand and observing it need not address the merits of the petitioner's complaint, did the court comment the petitioner "might well overcome" defects in his petition and the trial court should allow him the opportunity to amend his petition on remand. *Id.* at 854-55, 409 N.E.2d at 320. The court's comment had no bearing on whether remand was required.

¶ 21    Contrary to the State's argument, we find the trial court's failure to give defendant an opportunity to respond to the State's motion to dismiss was inherently prejudicial and undermined the integrity of the proceedings. See *People v. Coleman*, 358 Ill. App. 3d 1063, 1071, 835 N.E.2d 387, 393 (2005) (At times, "it is important to stand on the side of due process, even at the cost of some inefficiency."). We find the matter must be remanded for further proceedings without consideration of the merits of defendant's petition. Because the matter must be remanded on due process grounds, we need not address defendant's ripeness argument.

¶ 22                              B. Clerk-Imposed Fines

¶ 23    Defendant argues, citing our recent decision in *People v. Daily*, 2016 IL App (4th) 150588, 74 N.E.3d 15, this court should vacate fines improperly imposed against him by the circuit clerk. Specifically, defendant complains of the following assessments: (1) a $50 court finance assessment, (2) a $10 arrestee's medical assessment, and (3) a $5 drug court program

assessment. Defendant asserts these assessments are fines, fines imposed by the circuit clerk are void, and a void judgment can be challenged at any time.

¶ 24 The State asserts this court should decline to address defendant's argument because clerk-imposed fines are voidable and not void. The State does not cite any legal authority in support of its argument. The State further does not provide any argument as to why we should deviate from a long line of cases from this court, including the one cited by defendant in his opening brief, finding (1) fines imposed by a circuit clerk are void from their inception and (2) a void judgment may be challenged at any time or in any court, either directly or collaterally. See *People v. Bowens*, 2017 IL App (4th) 150830, ¶ 44, 78 N.E.3d 1058; *Daily*, 2016 IL App (4th) 150588, ¶ 28, 74 N.E.3d 15; *People v. Warren*, 2016 IL App (4th) 120721-B, ¶ 89, 55 N.E.3d 117; *People v. Hible*, 2016 IL App (4th) 131096, ¶¶ 11-12, 53 N.E.3d 319; *People v. Nelson*, 2016 IL App (4th) 140168, ¶ 25, 49 N.E.3d 1007; *People v. Jernigan*, 2014 IL App (4th) 130524, ¶ 32, 23 N.E.3d 650; *People v. Larue*, 2014 IL App (4th) 120595, ¶ 56, 10 N.E.3d 959; see also *People v. Gutierrez*, 2012 IL 111590, ¶ 14, 962 N.E.2d 437. The State has forfeited its argument for failing to cite legal authority and present well-reasoned argument. See Ill. S. Ct. R. 341(h) (eff. Jan. 1, 2016).

¶ 25 The record is devoid of an order, written or oral, by the trial court judge authorizing the imposition of the assessments defendant challenges. Instead, the circuit clerk imposed them. The $50 court finance assessment is a fine. 55 ILCS 5/5-1101(c) (West 2008); *Daily*, 2016 IL App (4th) 150588, ¶ 30, 74 N.E.3d 15. The $10 arrestee's medical assessment is a fine. 730 ILCS 125/17 (West 2008); *Warren*, 2016 IL App (4th) 120721-B, ¶ 119, 55 N.E.3d 117. The $5 drug court program assessment is a fine as the record is absent of any indication defendant participated in drug court. 55 ILCS 5/5-1101(f) (West 2008); *People v. Rexroad*, 2013 IL App (4th) 110981, ¶ 53, 992 N.E.2d 3. Because the circuit clerk improperly imposed these fines, we vacate them. See *Daily*, 2016 IL App (4th) 150588, ¶ 30, 74 N.E.3d 15 (to remand for the proper imposition of the statutorily mandated fines would result in an impermissible increase in the defendant's sentence on appeal).

¶ 26                                                        III. CONCLUSION

¶ 27 We reverse the trial court's dismissal of defendant's section 2-1401 petition and remand for further proceedings. We also vacate the (1) $50 court finance assessment, (2) $10 arrestee's medical assessment, and (3) $5 drug court program assessment.

¶ 28 Reversed in part and vacated in part; cause remanded.