# Illinois Official Reports

## Appellate Court

---

### *People v. Rucker*, 2018 IL App (2d) 150855

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ADRIAN A. RUCKER, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-15-0855 |
| Filed | June 27, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Stephenson County, No. 04-CF-359; the Hon. James M. Hauser, Judge, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Emily E. Filpi, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Carl H. Larson, State's Attorney, of Freeport (Patrick Delfino, David J. Robinson, and Diane L. Campbell, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE JORGENSEN delivered the judgment of the court, with opinion.<br>Presiding Justice Hudson and Justice McLaren concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant, Adrian A. Rucker, appeals from the dismissal of his *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)), arguing that (1) the trial court dismissed the petition before it was ripe for adjudication, doing so only 14 days after the State moved to dismiss, which was 7 days short of the period allowed by Illinois Supreme Court Rule 182(a) (eff. Jan. 1, 1967), and (2) he was deprived of due process when the trial court dismissed his petition before he had an opportunity to meaningfully respond. We agree that defendant was deprived of due process, and thus, we vacate the dismissal and remand the cause.

¶ 2                                    I. BACKGROUND

¶ 3        In 2006, after a jury trial, defendant was convicted of two counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2004)) and one count each of aggravated battery with a firearm (*id.* § 12-4.2), aggravated discharge of a firearm (*id.* § 24-1.2), and unlawful possession of a firearm by a felon (*id.* § 24-1.1). After merging the aggravated battery and aggravated discharge of a firearm convictions, the trial court sentenced defendant to concurrent terms of 60 years' imprisonment for first degree murder (including a 25-year firearm enhancement) and 28 years' imprisonment for unlawful possession of a firearm by a felon.

¶ 4        At trial, the State presented evidence that, at 1 a.m. on November 7, 2004, Freeport police responded to a shooting. Isaac Hall, who was lying on the ground between two parked cars, suffered five gunshot wounds and bled to death at the scene. Eleven shell casings were found at the scene: five from a .45-caliber gun and six from a .38-caliber gun. A firearms expert testified that the casings came from at least two different guns. It was possible that more than two weapons were involved, but the casings "definitely" did not come from just one weapon. Several witnesses testified that Hall was shot after he left an apartment party with two male companions. Defendant also attended the party, but he was not present in the apartment when Hall left the party. Krisana Patrick testified that she saw defendant, who wore a dark, hooded jacket, shoot Hall. Other witnesses testified that the shooter wore a dark, hooded jacket, but they did not identify defendant as the shooter. Three witnesses testified that Aisha Meeks, defendant's girlfriend, argued at the party with one of Hall's companions. Hall and the two men left, and shooting erupted outside. About two seconds afterward, Meeks entered the apartment and said something to the effect that her "baby daddy ain't punk, he'll ride. He got two of them thumpers." Three witnesses testified that "thumpers" referred to guns.

¶ 5        On direct appeal, this court affirmed, but we modified defendant's sentence for unlawful possession of a firearm by a felon to 14 years' imprisonment and amended the mittimus to provide an additional nine days' credit toward defendant's sentence. *People v. Rucker*, No. 2-06-0694 (2008) (unpublished order under Illinois Supreme Court Rule 23). Defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2012)), and the trial court dismissed it as frivolous and patently without merit. We affirmed the summary dismissal of the petition. *People v. Rucker*, 2014 IL App (2d) 120951-U.

¶ 6        On November 24, 2014, defendant filed a *pro se* petition for relief from judgment under section 2-1401 of the Code. In his petition, he argued that the firearm enhancement was void

because the State did not put him on notice of the enhanced penalty in the charging instrument or in a statutory notice of its intent to seek an aggravating factor. He also argued that the enhancement was not submitted to the jury, which did not receive separate aggravating-factor instructions or a special verdict form. Finally, defendant asserted that merging the aggravating-factor instructions into the first degree murder instructions constituted a double enhancement, and he alleged that trial counsel was ineffective during plea negotiations in that he gave incompetent advice concerning the enhancement.

¶ 7　　On January 16, 2015, the State requested one month to respond to defendant's petition. The trial court granted the request. Defendant was not present.

¶ 8　　On February 20, 2015, the State filed a motion to dismiss defendant's petition, arguing that it was filed more than two years after the judgment was entered and that the judgment was not void. At a hearing that day, the State asked if defendant should be brought to court, and the trial court replied in the negative.

¶ 9　　Fourteen days later, on March 6, 2015, the trial court granted the State's motion and dismissed defendant's petition, finding that (1) the court had jurisdiction to enter the judgment, and thus the judgment was not void, and (2) the petition was filed more than two years after the judgment, and thus it was untimely (735 ILCS 5/2-1401(c) (West 2014)).

¶ 10　　On March 23, 2015, defendant moved *pro se* to reconsider. He argued that the issues he raised in his petition concerned errors of fact that were unknown to him and the court when the judgment was entered, he had not previously raised the issues, and he had shown cause. Defendant also argued that the judgment was void as to the firearm enhancement, in that the State did not comply with the statute or put defendant on notice that he was being charged with the enhancement (which, further, violated the fifth, sixth, and fourteenth amendments). In sum, defendant asserted that he was not charged with the firearm enhancement, the jury was not instructed on it, it was not discussed during plea negotiations, and the court did not have the power to impose it.

¶ 11　　At a hearing on July 24, 2015, only the State was present and it asked the court to deny defendant's motion to reconsider, without further elaboration or argument. The court agreed, noting that defendant's section 2-1401 petition was not timely filed.

¶ 12　　On August 21, 2015, defendant filed a notice of appeal, and, on September 18, 2015, he filed an amended notice of appeal.

¶ 13　　On June 22, 2017, appellate counsel moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993). Defendant filed a response, and, on August 10, 2017, this court denied counsel's motion, without prejudice. We ordered counsel to either address any issues of arguable merit raised in defendant's response or file a supplement to the motion to withdraw.

¶ 14　　　　　　　　　　　　　　　II. ANALYSIS

¶ 15　　Defendant argues that: (1) Rule 182(a), which entitled defendant to 21 days to respond to the State's motion to dismiss, was violated when the trial court dismissed the petition 14 days after the State filed its motion, *i.e.*, before it was ripe for adjudication, and (2) his due process rights were violated when the trial court granted the State's motion without giving him a meaningful opportunity to respond. For the following reasons, we agree with defendant that he was deprived of due process.

¶ 16    We review *de novo* a claim asserting the denial of due process (*People v. Bradley*, 2017 IL App (4th) 150527, ¶ 13), as we do the dismissal of a section 2-1401 petition (*People v. Vincent*, 226 Ill. 2d, 1, 18 (2007)).

¶ 17    An individual's right to procedural due process is guaranteed by the United States and Illinois Constitutions. See U.S. Const., amend. XIV, § 1; Ill. Const. 1970, art. I, § 2. This right entitles an individual to "the opportunity to be heard at a meaningful time and in a meaningful manner." *In re D.W.*, 214 Ill. 2d 289, 316 (2005). "Due process is a flexible concept"; not all circumstances call for the same type of procedure. *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 201 (2009). However, the fundamental right to the opportunity to be heard " 'has little reality or worth unless one is informed that the matter is pending.' " *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 28 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

¶ 18    Section 2-1401 establishes a comprehensive procedure that allows for the vacatur of a final judgment older than 30 days. 735 ILCS 5/2-1401 (West 2016). It requires that the petition be filed in the same proceeding in which the judgment was entered, but it is not a continuation of the original action. *Id.* § 2-1401(b). The statute further requires that the petition be supported by affidavit or other appropriate showing as to matters not of record. *Id.* The petition must be filed not later than two years after the entry of the judgment, excluding time during which the petitioner is under a legal disability or duress or the ground for relief is fraudulently concealed. *Id.* § 2-1401(c). However, a void judgment may be attacked at any time through a section 2-1401 petition. *Id.* § 2-1401(f); *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002).

¶ 19    In *Vincent*, the supreme court noted:

> "This court has consistently held that proceedings under section 2-1401 are subject to the usual rules of civil practice. [Citation.] Section 2-1401 petitions are essentially complaints inviting responsive pleadings. [Citation.] The petition is subject to dismissal for want of legal or factual sufficiency." *Vincent*, 226 Ill. 2d at 8.

¶ 20    Defendant argues that he was deprived of due process when the trial court dismissed his petition before he had an opportunity to meaningfully respond to the State's motion to dismiss. He asks that we vacate the dismissal and remand for further proceedings. The State maintains that defendant had an effective opportunity to respond to its motion by filing a motion to reconsider and having the trial court consider and rule upon that motion. For the following reasons, we agree with defendant.

¶ 21    In *Vincent*, the supreme court held that a trial court need not provide a defendant notice and an opportunity to respond before *sua sponte* ruling on the defendant's section 2-1401 petition. *Id.* at 12-13. The defendant's opportunity to be heard, the court determined, was not compromised: the petition was considered by the trial court, the defendant was not prevented from bringing a meritorious claim because, under the facts, the defendant's claim had no merit, and "adequate procedural safeguards exist to prevent erroneous *sua sponte* determinations." *Id.* at 13. The safeguards available to a defendant whose petition is disposed of *sua sponte* are to (1) file a motion for rehearing (735 ILCS 5/2-1203 (West 2016))[1] or

---

[1]Section 2-1203(a) of the Code of Civil Procedure states:

"In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a

(2) appeal ("which invites *de novo* review of the legal sufficiency of the complaint"). *Id.* "Thus, the availability of corrective remedies, such as a motion to reconsider, renders the lack of notice prior to the ruling less of a concern." *Id.*

¶ 22   In *Bradley*, 2017 IL App (4th) 150527, ¶ 19, the reviewing court held that the trial court failed to give the defendant a meaningful opportunity to respond to the State's motion to dismiss the defendant's *pro se* section 2-1401 petition, where the trial court granted the State's motion (based on the State's arguments) two days after the State filed it and before allowing the defendant the opportunity to respond. The State conceded on appeal that the trial court had acted prematurely in dismissing the petition, but the reviewing court nevertheless addressed the merits of that issue, noting that it violates due process "to grant a motion to dismiss a complaint without allowing the opposing party notice and a meaningful opportunity to be heard." *Id.* ¶ 16 (citing cases). The court then held that the defendant's due process rights were violated when the trial court dismissed his petition two days after the State filed its motion, without giving him a meaningful opportunity to respond. *Id.* ¶ 19. It remanded the cause for further proceedings and found that it need not address the merits of the defendant's petition or reach his ripeness argument. *Id.* ¶ 21.

¶ 23   The *Bradley* court, as does defendant here, relied on several cases that we also find instructive. In *Merneigh v. Lane*, 87 Ill. App. 3d 852, 854 (1980), the Fifth District held that the inmate plaintiff was denied due process when the trial court granted the State's motion to dismiss the plaintiff's *mandamus* complaint without giving him notice of the motion and the opportunity to respond. The *Merneigh* court noted that basic due process required that the plaintiff be given (1) a copy of the motion, (2) "a meaningful opportunity to respond to the motion by submitting a written memorandum in opposition thereto," (3) a copy of the dismissal order, in the event of dismissal, and (4) an opportunity to amend his complaint, unless it was apparent that any deficiencies could not be overcome by amendment. *Id.* at 854-55. The court reversed and remanded the case to give the plaintiff the opportunity to amend, even though it appeared "doubtful" that he would succeed on the merits of his complaint. *Id.* at 855.

¶ 24   In *People v. Gaines*, 335 Ill. App. 3d 292, 295-96 (2002), *abrogated on other grounds by Vincent*, 226 Ill. 2d at 12, this court held that the defendant's due process rights were violated when the trial court dismissed a section 2-1401 petition after hearing a motion by the State (and relying on its arguments) and not providing the defendant time to respond. (Appointed counsel was present at the hearing but advised the court that he was given no prior notice of the motion and was unprepared to argue against it. The State was allowed to proceed with its arguments. *Id.* at 294.) This court recognized that "basic notions of fairness dictate that the defendant be afforded notice of, and an opportunity to respond to, any motion or responsive pleading by the State." *Id.* at 296.

¶ 25   Here, defendant contends that this case law instructs that a vacatur is warranted, because the denial of an opportunity to meaningfully respond to the State's motion was inherently prejudicial and undermined the integrity of the proceedings. *Bradley*, 2017 IL App (4th) 150527, ¶ 21. Addressing *Vincent*, defendant argues that it is distinguishable because it involved a *sua sponte* dismissal and, here, the State filed a motion to dismiss. Defendant

motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2-1203(a) (West 2016).

contends that, where the State fails to respond to a petition, all well-pleaded facts are admitted, thereby allowing the trial court to decide whether the allegations entitle the petitioner to relief as a matter of law. *Vincent*, 226 Ill. 2d at 9-10. In such circumstances, the defendant's right to be heard is not compromised. However, that reasoning does not, he maintains, compel the same result when the trial court dismisses a petition on the State's motion. In defendant's view, *Vincent* does not condone the trial court's conduct in this case. Rather, it demonstrates that a petitioner does have the right to respond to the State's motion before the trial court acts on that motion and dismisses the petition.

¶ 26        The State responds that defendant's due process rights were respected and that he was afforded the appropriate opportunities and protections. Specifically, defendant had the opportunity to respond to the State's motion to dismiss when he filed, and the trial court considered though denied, his motion to reconsider the dismissal. It further argues that *Merneigh* and *Bradley* are distinguishable because the petitioners in those cases did not file motions to reconsider. The State relies on *Vincent*'s statement that "the availability of corrective remedies, such as a motion to reconsider, renders the lack of notice prior to the ruling less of a concern." *Id.* at 13. Defendant's opportunity to respond through his motion to reconsider, the State asserts, differentiates this case from those upon which defendant relies.

¶ 27        We note that *People v. Smith*, 2017 IL App (3d) 150265, a case not cited by the parties, presents a factual scenario somewhat closer to that in this case than the foregoing case law and contains language that is favorable to the State's position. In *Smith*, the trial court dismissed the defendant's section 2-1401 petition after the State filed a combined motion to dismiss, arguing that the court lacked personal jurisdiction because the State had not been properly served and that the petition failed to state a cause of action, the issues were barred by *res judicata*, and the petition was untimely. Eight days after the State filed its motion, the court held a hearing at which only the State was present and dismissed the petition on both the jurisdictional ground and on the merits. After the dismissal, the defendant filed a *pro se* response to the State's motion to dismiss, acknowledging that he failed to properly serve the State and addressing the *res judicata* and timeliness arguments. The court held a hearing on the defendant's response. The State appeared at the hearing, but the defendant did not. The court acknowledged the defendant's response, but it left the dismissal in place. Subsequently, the defendant filed a *pro se* motion to reconsider the dismissal. After a hearing at which only the State appeared, the court denied the defendant's motion.

¶ 28        On appeal, as relevant here, the court rejected the defendant's alternative argument that his failure to properly serve the State could have been excused by the trial court upon application. *Id.* ¶ 21. In reaching this conclusion, the court commented that it found troubling the fact that the State was allowed to present its limited appearance and motion without the defendant's input. However, the court determined, the supreme court's reasoning in *Vincent* applied to the case before it. Thus, "a defendant whose petition has been disposed of by the court could file a motion to reconsider," and the "availability of corrective remedies, such as a motion to reconsider, render [the] defendant's absence from the hearing and his inability to timely respond to the State's motion 'less of a concern.' " *Id.* ¶ 24 (quoting *Vincent*, 226 Ill. 2d at 13). The court noted that "[t]his defendant utilized one such remedy in the circuit court by filing his motion to reconsider. The court considered the motion and denied it. He also filed the instant appeal." *Id.*

¶ 29    *Smith*'s discussion of *Vincent* is judicial *dictum* that supports the State's position here. However, we disagree with it. "The intended purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law." *General Motors Acceptance Corp. v. Stoval*, 374 Ill. App. 3d 1064, 1078 (2007). In his motion to reconsider, defendant brought to the trial court's attention alleged errors in its application of the law. If he had been given the opportunity to respond to the State's motion to dismiss, he could have responded to the State's argument before the court ruled on the motion. If the court ruled against him, he could *then* have filed a motion to reconsider, to raise alleged errors in the court's application of the law (and/or, thereafter, filed an appeal). The fact that he was not afforded the opportunity to respond to the State's motion deprived him of one of two responsive options. As noted, "[d]ue process is a flexible concept" and not all circumstances call for the same type of procedure. *Konetski*, 233 Ill. 2d at 201. However, "parties are generally permitted to respond to motions filed by the opposing party." *People v. Bailey*, 2016 IL App (3d) 140207, ¶ 20. The question here is whether the deprivation of one responsive option rises to the level of a constitutional violation. We believe that it does. *Vincent* is distinguishable because the State there filed no response (and the supreme court noted that it was not required to), and thus, the trial court assessed whether the allegations in the defendant's petition entitled him to relief as a matter of law. *Vincent*, 226 Ill. 2d at 9-10. The defendant benefitted from the State's failure to file a response, in that the trial court was required to accept the allegations in the petition as true. *Id.* at 11. The trial court ultimately determined that the allegations did not provide a legal basis for section 2-1401 relief. *Id.* at 12. The *Vincent* court held that the trial court was not required to provide the defendant with notice and the opportunity to be heard before *sua sponte* ruling on the petition. *Id.* at 12-13. Case law had "recognize[d] that a trial court may, on its own motion, dispose of a matter when it is clear on its face that the requesting party is not entitled to relief as a matter of law." *Id.* at 13. As noted, the defendant's ability to be heard was not jeopardized, the court determined, because (1) his petition was heard by the trial court, (2) he was not prevented from bringing a meritorious claim, because his claim had no merit, and (3) adequate procedural safeguards existed to prevent erroneous *sua sponte* determinations (including the ability to file a motion for rehearing or to bring an appeal). Here, however, the State filed a responsive motion and, had the trial court followed the general rule that permits a party to respond to motions filed by the opposing party, the trial court would have waited to rule on the State's motion to dismiss by first ordering a hearing and setting a reasonable briefing schedule on the motion (taking into consideration the filing obstacles presented by defendant's incarceration). During this time, defendant could have filed a response and thereby had a meaningful opportunity to oppose the motion. Further, if the trial court granted the motion after considering defendant's response, defendant could have filed a motion to reconsider or for rehearing and/or appealed the ruling. The foregoing procedure did not fully play out. Defendant was deprived of the opportunity to respond to the State's motion before the trial court initially ruled on it. Further, when defendant had the opportunity to respond via his motion to reconsider, he had the burden of persuasion, whereas, if he had been given the opportunity to respond before the court's initial ruling, the burden would have been on the State to establish a basis for dismissal.[2]

---

[2]In addition, because defendant had not filed a response, the new matters in his motion to reconsider would have been forfeited under a typical analysis. Forfeiture in this case would have been

¶ 30 In summary, the circumstances here reflect that defendant was deprived of due process when the trial court granted the State's motion to dismiss before he had a meaningful opportunity to respond. Because we resolve this appeal on defendant's due process argument, we need not reach his alternative argument concerning ripeness.

III. CONCLUSION

¶ 31

¶ 32 For the reasons stated, the judgment of the circuit court of Stephenson County is vacated and the cause is remanded.

¶ 33 Vacated and remanded.

---

problematic because defendant was precluded from filing a response that would have staved off forfeiture.