NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 170582-U

NO. 4-17-0582

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 13, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| MARKUS HARVELL, | ) | No. 01CF775 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Leslie J. Graves, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, concluding defendant failed to show a violation of his due process rights.

¶ 2    Defendant, Markus Harvell, appeals from the trial court's denial of his *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)). On appeal, defendant argues we should reverse and remand for further proceedings without consideration of the merits of his petition as his due process rights were violated when the trial court "*sua sponte* dismissed" his petition without giving him the opportunity to respond to the State's timely motion to dismiss. We affirm.

¶ 3                                I. BACKGROUND

¶ 4    Following a February 2002 jury trial, defendant was convicted of first degree

murder (720 ILCS 5/9-1(a)(1) (West 2000)) and sentenced to 50 years' imprisonment. Defendant's conviction and sentence were affirmed on appeal and survived a collateral attack. See *People v. Harvell*, No. 4-04-0871 (July 13, 2005) (unpublished order under Illinois Supreme Court Rule 23) (affirming on direct review); *People v. Harvell*, 2012 IL App (4th) 110079-U (affirming the denial of defendant's postconviction petition).

¶ 5　　　　In June 2017, defendant filed a *pro se* section 2-1401 petition. In his petition, defendant alleged, in part, he was in possession of new evidence representing facts unknown to both him and the trial court which would have prevented entry of judgment against him. Specifically, defendant alleged he obtained through a freedom of information request a redacted police report wherein an incarcerated individual who was an admitted "recovering crack cocaine addict" stated to police that he had spoken with another inmate who said he was involved in a "shootout" with defendant which led to defendant shooting and killing a bystander and being charged in this case. Defendant attached the redacted police report to his petition.

¶ 6　　　　On July 3, 2017, the State filed a motion to dismiss defendant's section 2-1401 petition. In its motion, the State argued defendant's petition (1) was untimely as 15 years had passed from when judgment was entered and (2) "contain[ed] no statement as to errors of fact unknown to the [d]efendant and the [c]ourt which would have prevented judgment from being entered" as testimony was introduced at trial about a second individual firing a weapon. That same day, the State filed a notice of hearing set for August 22, 2017. Both the State's motion and notice were mailed to defendant.

¶ 7　　　　On July 20, 2017, the trial court entered the following docket entry:

"The [c]ourt is in receipt of an ex parte petition for relief

from judgement filed by [d]efendant. Court has reviewed the

motion. The [d]efendant states no new credible evidence to support

his motion. Motion denied."

¶ 8    On July 24, 2017, the circuit clerk filed a proof of service indicating a copy of the trial court's July 20, 2017, docket entry was mailed to both defendant and the State.

¶ 9    On August 5, 2017, defendant mailed a *pro se* notice of appeal from the trial court's "order denying his [s]ection 2-1401 [p]etition[ ] entered on July 20, 2017," which was filed on August 7, 2017.

¶ 10   This appeal followed.

¶ 11                                II. ANALYSIS

¶ 12   On appeal, defendant argues we should reverse and remand for further proceedings without consideration of the merits of his petition as his due process rights were violated when the trial court "*sua sponte* dismissed" his petition without giving him the opportunity to respond to the State's timely motion to dismiss. The State disagrees.

¶ 13   An individual's right to procedural due process is guaranteed by the United States and Illinois Constitutions. See U.S. Const., amend. XIV, § 1; Ill. Const. 1970, art. I, § 2. "Due process is a flexible concept and not all situations calling for procedural safeguards call for the same kind of procedure." (Internal quotation marks omitted.) *In re M.A.*, 2015 IL 118049, ¶ 35, 43 N.E.3d 86. We review a claim of the denial of due process *de novo*. *Village of Vernon Hills v. Heelan*, 2015 IL 118170, ¶ 31, 39 N.E.3d 937.

¶ 14    At the outset, we note defendant's due process argument is premised on a "*sua sponte*" disposition. Based on the record presented and in the absence of any argument to the contrary, we accept defendant's suggestion that the trial court independently evaluated and disposed of his section 2-1401 petition without considering the State's motion to dismiss. See Black's Law Dictionary 1650 (10th ed. 2014) (defining "*sua sponte*" as "[w]ithout prompting or suggestion; on its own motion"); *People v. Vincent*, 226 Ill. 2d 1, 22, 871 N.E.2d 17, 31 (2007) ("When a court acts *sua sponte*, the court effectively creates a pending motion.").

¶ 15    In support of his argument that his due process rights were violated when the trial court "*sua sponte* dismissed" his petition without giving him the opportunity to respond to the State's timely motion to dismiss, defendant relies primarily on *Merneigh v. Lane*, 87 Ill. App. 3d 852, 409 N.E.2d 319 (1980), *People v. Bradley*, 2017 IL App (4th) 150527, 85 N.E.3d 591, and *People v. Rucker*, 2018 IL App (2d) 150855, 127 N.E.3d 93. These cases, however, are distinguishable and do not support defendant's position.

¶ 16    In *Merneigh*, *Bradley*, and *Rucker* the reviewing courts found a due process violation occurred where a trial court disposed of a pleading *based on an opposing party's motion* without giving the nonmovant an opportunity to respond. See *Merneigh*, 87 Ill. App. 3d 852, at 853-54; *Bradley*, 2017, IL App (4th) 150527, ¶ 19; *Rucker*, 2018 IL (2d) 150855, ¶ 30. Again, in this case it appears the trial court disposed of defendant's section 2-1401 petition without considering the State's motion to dismiss. We are unconvinced the mere filing of a motion to dismiss by an opposing party requires the opportunity to respond to that motion as a matter of due process. Defendant has failed to show a violation of his due process rights.

¶ 17                                       III. CONCLUSION

¶ 18          We affirm the trial court's judgment.

¶ 19          Affirmed.