2020 IL App (3d) 180317

Opinion filed June 16, 2020

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-18-0317 |
| v. | ) ) | Circuit No. 14-CF-760 |
| JOHN EDWARD ALLEN JR., | ) ) | Honorable Kevin W. Lyons, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the judgment of the court, with opinion
Justices Holdridge and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, John Edward Allen Jr., appeals following the Peoria County circuit court's dismissal of his petition for relief from judgment. Defendant argues that the court deprived him of his right to due process where it granted the State's motion to dismiss the petition without him being afforded notice or an opportunity to respond to that motion. The State on appeal contends that any such error was harmless. We vacate the circuit court's order granting the State's motion to dismiss and remand for further proceedings on defendant's petition.

## I. BACKGROUND

Following a 2015 jury trial, defendant was convicted on two counts of aggravated battery (720 ILCS 5/12-3.05(d)(4) (West 2014)). The circuit court sentenced defendant to two concurrent terms of 22 years' imprisonment. On direct appeal, this court affirmed defendant's convictions and sentences but remanded so that the court could conduct a preliminary inquiry into defendant's posttrial claims of ineffective assistance of counsel. *People v. Allen*, 2018 IL App (3d) 150680-U, ¶¶ 36, 51, 54.

While his direct appeal was pending, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure. See 735 ILCS 5/2-1401 (West 2016). In his petition, defendant raised numerous claims related to his sentencing.[1] The State subsequently filed a motion to dismiss the petition on March 16, 2018. On March 27, 2018, the circuit court granted the motion to dismiss without a hearing.

## II. ANALYSIS

On appeal, defendant asserts that the State's motion to dismiss was granted without him being provided an opportunity to respond to that motion. He argues that this amounts to a violation of his right to due process and requests that this court therefore vacate that dismissal and remand for further proceedings on his petition.

At the outset of its brief, the State concedes that "the trial court prematurely dismissed defendant's petition without giving him a reasonable opportunity to respond." While the State repeatedly characterizes the dismissal as error, it stops short of referring to that error as a violation of due process. The State maintains that the court's error, however, was harmless because defendant's petition was meritless on its face and defendant therefore suffered no prejudice.

---

[1]On appeal, defendant does not argue that his section 2-1401 petition was in any way meritorious. See *infra* ¶¶ 7-8. Accordingly, we need not discuss his claims in any detail.

Defendant concedes that his petition was without merit but argues that harmless error analysis is inapplicable to the error in question.

¶ 8    The parties thus agree that (1) the circuit court erred in granting the State's motion to dismiss and (2) defendant's petition was meritless. The scope of our analysis is therefore narrow. We must only determine whether the error in question is subject to harmless error analysis.

¶ 9    At the outset, we note that the circuit court's error in granting the State's motion to dismiss without providing defendant an opportunity to respond *is* a violation of due process. The right to procedural due process entitles any individual to "the opportunity to be heard at a meaningful time and in a meaningful manner." *In re D.W.*, 214 Ill. 2d 289, 316 (2005); see also *LaChance v. Erickson*, 522 U.S. 262, 266 (1998) ("The core of due process is the right to notice and a meaningful opportunity to be heard."); *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 201 (2009) ("The fundamental requirements of due process are notice of the proceeding and an opportunity to present any objections."). In *People v. Vincent*, 226 Ill. 2d 1, 8 (2007), our supreme court held that proceedings under section 2-1401 are subject to the standard rules of civil practice and that "[s]ection 2-1401 petitions are essentially complaints inviting responsive pleadings." Thus, where a litigant is denied the opportunity to respond to the State's motion to dismiss his section 2-1401 petition, a core principle of his right to due process has been violated. *People v. Bradley*, 2017 IL App (4th) 150527, ¶ 19; *People v. Rucker*, 2018 IL App (2d) 150855, ¶ 30.

¶ 10    The Fourth District in *Bradley* held that such a violation of due process could not be subjected to harmless error review. *Bradley*, 2017 IL App (4th) 150527, ¶ 21. In that case, the State argued that remand was unnecessary, even in light of the due process violation, because the underlying petition was without merit and the defendant was therefore not prejudiced by the court's error. *Id.* ¶ 20. The *Bradley* court rejected that argument, finding that "the trial court's

failure to give defendant an opportunity to respond to the State's motion to dismiss was inherently prejudicial and undermined the integrity of the proceedings." *Id.* ¶ 21. While recognizing that remanding a meritless petition was inefficient, the *Bradley* court opined that protecting due process overrode such a concern. *Id.*

¶ 11　　　　The following year, in *Rucker*, the Second District also remanded in the present situation without regard for the merits of the underlying section 2-1401 petition. *Rucker*, 2018 IL App (2d) 150855, ¶ 1. While it does not appear that the State in *Rucker* raised harmless error, the reviewing court was of course free to consider the merits of the underlying petition and affirmed on those grounds had it found it was prudent to do so. See *In re Detention of Stanbridge*, 2012 IL 112337, ¶ 74 (reviewing court "may affirm a trial court's judgment on any grounds which the record supports even if those grounds were not argued by the parties"). The *Rucker* court did not discuss the merits of the defendant's underlying petition, which suggests that conducting a harmless error analysis was not in consideration.

¶ 12　　　　While defendant relies heavily upon *Bradley* and *Rucker*, the State relies upon this court's recent decision in *People v. Stoecker*, 2019 IL App (3d) 160781, ¶ 10, in which the court held that "even accepting defendant's argument that his due process rights were violated, any such violation would be harmless error, as the deficiencies in the petition could not be cured by remand." The *Stoecker* court characterized the issue as whether the denial of due process in this context amounts to structural error, such that automatic reversal would be required. The court defined structural error as " ' "a systemic error which serves to 'erode the integrity of the judicial process and undermine the fairness of the defendant's trial.' " ' " *Id.* ¶ 11 (quoting *People v. Sheley*, 2017 IL App 3d 140659, ¶ 16, quoting *People v. Glasper*, 234 Ill. 2d 173, 197-98 (2009), quoting *People v. Herron*, 215 Ill. 2d 167, 186 (2005)).

¶ 13　　　　The *Stoecker* court, observing that the defendant in that case was a frequent filer, opined: "We do not find that failing to reverse this case where defendant has already had six bites at the apple would 'erode the integrity of the judicial process and undermine the fairness of the defendant's trial.' " *Id.* ¶ 12 (quoting *Herron*, 215 Ill. 2d at 186). Further, the court addressed the cases in which the opposite conclusion was reached, stating: "[T]here is no indication that the defendants in *Bradley* and *Rucker* had amassed such a large number of meritless collateral challenges to their convictions or sentences. We find those cases distinguishable on that fact alone." *Id.* ¶ 13.

¶ 14　　　　The reasoning of the *Stoecker* court seems to be based on considerations that do not apply in this appeal. On this basis, we decline to follow the holding in that appeal because the court focused on individual characteristics of that particular defendant.

¶ 15　　　　Here, the error is neither a technical nor a *de minimis* violation of defendant's right to due process. On the contrary, the core principle of due process—that a person must be afforded a meaningful opportunity to respond—was abrogated when the circuit court granted the State's motion to dismiss. We agree with the *Bradley* court in concluding that such a procedure undermines the integrity of judicial process. Indeed, subjecting such a deprivation to a harmless error analysis in this case could have wide-ranging consequences, as it would allow the circuit court, in essence, to deprive any litigate of the same due process so long as the circuit court believed the petition was without merit. This would result in a significant erosion of due process principles we are unwilling to condone. As this court has stated in the past, "it is important to stand on the side of due process, even at the cost of some inefficiency." *People v. Coleman*, 358 Ill. App. 3d 1063, 1071 (2005). Accordingly, we need not consider the merits of defendant's section 2-1401 petition or whether defendant was prejudiced by the erroneous dismissal, as the violation of due

process in question requires automatic reversal. We therefore vacate the circuit court's order granting the State's motion to dismiss defendant's petition and remand the matter for further proceedings on that petition.

¶ 16                              III. CONCLUSION

¶ 17        The judgment of the circuit court of Peoria County is vacated, and the matter is remanded for further proceedings.

¶ 18        Vacated and remanded.

**No. 3-18-0317**

| | |
|---|---|
| **Cite as:** | *People v. Allen*, 2020 IL App (3d) 180317 |
| **Decision Under Review:** | Appeal from the Circuit Court of Peoria County, No. 14-CF-760; the Hon. Kevin W. Lyons, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Peter A. Carusona, and James Wozniak, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Jodi Hoos, State's Attorney, of Peoria (Patrick Delfino, Thomas D. Arado, and Justin A. Nicolosi, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |