**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 170347-U

Order filed July 16, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Mercer County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-17-0347 Circuit No. 87-CF-3 |
| JANET J. JACKSON, | ) ) | Honorable James G. Conway Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Carter and O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   Defendant's right to due process was violated where the circuit court granted the State's motion to dismiss her petition for relief from judgment without giving her a meaningful opportunity to respond.

¶ 2    Defendant, Janet J. Jackson, appeals the Mercer County circuit court's dismissal of her petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)). Defendant argues that the order dismissing her petition should be vacated and the cause should be remanded for additional proceedings because

the court dismissed the petition without giving her an opportunity to respond to the State's motion to dismiss. Defendant also argues that the cause should be remanded because the court failed to treat her response to the State's motion to dismiss as a motion to reconsider and rule upon it. Alternatively, defendant argues that the court erred in dismissing her petition because her petition set forth a valid claim for relief. We vacate and remand.

¶ 3                                    I. BACKGROUND

¶ 4         Following a jury trial in 1987, defendant was found guilty of murder (Ill. Rev. Stat. 1987, ch. 38, ¶ 9-1(a)(1), (2), (3)), armed robbery (*id.* ¶ 18-2(a)), conspiracy (*id.* ¶ 8-2(a)), and solicitation (*id.* ¶ 8-1(a)) for her participation in the events leading to the murder of her husband, Kim Jackson. Defendant was sentenced to a term of a natural life imprisonment for murder and 30 years' imprisonment for armed robbery. On direct appeal, we affirmed defendant's convictions and sentence. *People v. Jackson*, 180 Ill. App. 3d 78, 94 (1989).

¶ 5         On February 27, 2017, defendant filed a *pro se* petition for relief from judgment under section 2-1401 of the Code. In the petition, defendant noted that an expert witness was precluded from testifying at the trial about Kim's abuse of defendant. The petition stated that defendant was able to present limited evidence regarding the abuse at her sentencing hearing. Defendant requested a new sentencing hearing based on "the progress made in the courts, the understanding of Battered Women Syndrome, the passing of the Battered Womens [*sic*] Testimony Act in 1994 by the federal courts, along with the passing of the Illinois Domestic Violence Act in 2016."[1] On

---

[1]The petition did not contain any citations, but it appears that defendant was referring to the federal Battered Women's Testimony Act of 1992 (42 U.S.C. § 10702 (2012)) and the Illinois Domestic Violence Act of 1986 (750 ILCS 60/101 *et seq.* (West 2016)). However, in the response defendant later filed, she indicated that the Illinois law she was referring to was Public Act 99-384 (eff. Jan. 1, 2016) (amending 730 ILCS 5/5-5-3.1, 735 ILCS 5/2-1401).

April 17, 2017, defendant filed a motion to amend her petition stating that she also suffered from severe sleep deprivation at the time of the offense.

¶ 6     On April 19, 2017, the State filed a motion to dismiss. The State argued that defendant had no legal right to resentencing. The State contended that defendant had failed to show a legal precedent that would entitle her to resentencing and that battered women's syndrome was not a ground for resentencing.

¶ 7     On May 4, 2017, the court issued an order granting the State's motion to dismiss. The order stated that defendant was not entitled to resentencing because her arguments about the incomplete presentation of battered women's syndrome evidence at her sentencing hearing were misplaced, barred by *res judicata*, and untimely.

¶ 8     On May 12, 2017, defendant filed a response to the State's motion to dismiss her section 2-1401 petition. In her response, defendant noted that she had cited "Illinois Domestic Violence Act Public Act 99-384 (2016)" in her petition. Defendant noted that this law "allows petitioner to use abuse as a factor in a relief from judgement [*sic*] for resentencing." No proceedings were held regarding defendant's response.

¶ 9     On May 23, 2017, defendant filed a notice of appeal.

¶ 10                    II. ANALYSIS

¶ 11    Defendant argues that the circuit court violated her right to due process when it granted the State's motion to dismiss her section 2-1401 petition without giving her a meaningful opportunity to respond. In support of her position, defendant cites *Merneigh v. Lane*, 87 Ill. App. 3d 852, 854-55 (1980) (holding that the plaintiff's due process rights were violated where the circuit court granted the State's motion to dismiss the plaintiff's *mandamus* complaint without giving the plaintiff the opportunity to respond); *People v. Bradley*, 2017 IL App (4th) 150527,

3

¶ 19 (holding that the circuit court violated the defendant's due process rights by granting the State's motion to dismiss his section 2-1401 petition without giving the defendant the opportunity to respond); and *People v. Rucker*, 2018 IL App (2d) 150855, ¶ 30 (same). In all of these cases, the courts remanded the matters for further proceedings without considering the underlying merits of the pleadings. *Merneigh*, 87 Ill. App. 3d at 855; *Bradley*, 2017 IL App (4th) 150527, ¶ 21; *Rucker*, 2018 IL App (2d) 150855, ¶ 30. See also *People v. Allen*, 2020 IL App (3d) 180317, ¶ 15 (holding that the defendant's due process rights were violated when the court dismissed his section 2-1401 petition without giving him an opportunity to respond such that remand was warranted regardless of the underlying merits of the petition).

¶ 12   The State concedes that defendant's right to due process was violated pursuant to the holdings in *Merneigh*, *Bradley*, and *Rucker*, and the State agrees that the appropriate remedy is to remand the matter for further proceedings on defendant's section 2-1401 petition. Upon review of the record and consideration of the above authority, we accept the State's confession of error. Accordingly, we do not address the other issues raised in this appeal.

¶ 13   Finally, we note this court's decision in *People v. Stoecker*, 2019 IL App (3d) 160781, pet. for leave to appeal allowed, No. 124807 (filed Sept. 25, 2019), which was not cited by either of the parties. In *Stoecker*, the court applied harmless error analysis to the defendant's claim that his due process rights were violated when the circuit court granted the State's motion to dismiss his section 2-1401 petition without giving him an opportunity to respond. *Id.* ¶ 12. Because the parties do not cite *Stoecker* and the State agrees that remand is the correct remedy in this case, we do not consider whether harmless error analysis is applicable to defendant's claim.

¶ 14                          III. CONCLUSION

4

¶ 15        The judgment of the circuit court of Mercer County is vacated. The matter is remanded for further proceedings on defendant's section 2-1401 petition.

¶ 16        Vacated and remanded.