THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MAURICE COLLIER, Defendant-Appellant.

First District (3rd Division)   No. 1—89—1350

Opinion filed March 31, 1992.

Randolph N. Stone, Public Defender, of Chicago (Violet T. Ricks and
Vicki Rogers, Assistant Public Defenders, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Michael
Latz, and Loren A. Seidner, Assistant State's Attorneys, of counsel), for
the People.

JUSTICE RIZZI delivered the opinion of the court:
Defendant Maurice Collier was convicted of attempted first degree
murder (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4, 9—1) and armed violence
(Ill. Rev. Stat. 1985, ch. 38, par. 33A—2) in a bench trial and sentenced
to 16 years' imprisonment. On appeal, defendant contends that (1) the
statute creating the offense of first degree murder violates the due pro-
cess and equal protection clauses of the fourteenth amendment to the
United States Constitution; and (2) the sentence imposed by the trial
court is excessive and should be vacated or reduced. We affirm.

At approximately 1:30 a.m. on November 26, 1987, Chicago police officers Charlene Byrd and Harrison Speakes observed defendant driving an automobile southbound on Halsted Street between 119th and 120th Streets in Chicago, Illinois, without its headlights turned on. Defendant turned left onto 120th Street and then backed up onto Halsted Street and parked in a bus stop in front of the Superior Club Tavern and Liquor Store located on the southeast corner of Halsted and 120th Streets. The officers turned the blue mars lights on top of their vehicle on and pulled directly in front of defendant's automobile. The officers exited their vehicle. Defendant stepped out of his automobile and the officers asked defendant for his driver's license. Defendant complied, and the officers issued defendant a citation for failing to exercise due caution while backing into traffic (Ill. Rev. Stat. 1985, ch. 95½, par. 11—1402).

After handing defendant the citation, the officers explained to defendant that they did not issue him a second citation for driving an automobile without its headlights on and asked defendant to move his automobile from the bus stop. Defendant told the officers, "You have already issued me a ticket and that's enough. I'm not moving." The officers repeated their request that defendant move his automobile for a second and then a third time. Defendant refused to comply.

The officers then asked defendant to get out of his automobile. Defendant refused. Officer Speakes opened the driver's side door of defendant's automobile and defendant exited the automobile. The officers told defendant to put his hands on the roof of his vehicle so they could search him. Defendant refused to comply with the officers' request. The officers again ordered defendant to put his hands on the roof of his vehicle so they could search him and defendant again refused to comply.

Officer Speakes then attempted to force defendant to put his hands on the roof of his automobile. Officer Speakes turned defendant around. Defendant pushed Officer Speakes. Officer Speakes grabbed defendant and informed him that he was under arrest. A struggle ensued between Officer Speakes and defendant, and as they struggled, Officer Byrd attempted to handcuff defendant. While attempting to handcuff defendant, Officer Byrd noticed for the first time that defendant had a gun and hollered, "He's got a gun." Officer Speakes then threw defendant into the street. Defendant landed on his back and Officer Speakes landed on top of him. At this point, defendant's gun discharged twice and Officer Speakes rolled off defendant clutching his stomach. Defendant got up on one knee, aimed his gun at Officer Speakes and fired two additional shots into Officer Speakes' chest from a distance of no more

than two feet. Defendant then pointed his gun at Officer Byrd and fired one shot at her. Officer Byrd was not struck.

Defendant fled north on Halsted Street and then west onto 120th Street. Officer Byrd gave chase. When Officer Byrd came around a corner of a nearby church, defendant fired one shot at her face from a distance of no more than four feet. Officer Byrd dove backwards to avoid being struck by the shot. Defendant again fled. Officer Speakes was taken to St. Francis Hospital in Blue Island, Illinois, where doctors retrieved four bullets from his holster, star case and bulletproof vest.

At least 10 Chicago police vehicles arrived on the scene. The ensuing search for defendant took the officers to the Kingsway Restaurant parking lot located at 122nd and Halsted Streets. The officers spotted defendant lying on the ground near a dumpster. Defendant had been shot twice and was bleeding from his upper abdomen and his right leg. Defendant was captured and placed under arrest and charged with attempted first degree murder (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4, 9—1), armed violence (Ill. Rev. Stat. 1985, ch. 38, par. 33A—2) and aggravated battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—4). Defendant was found guilty in a bench trial of attempted first degree murder and armed violence and sentenced to 16 years' imprisonment. This appeal followed.

■ Defendant argues that his conviction must be vacated because the statute creating the offense of first degree murder violates the due process and equal protection clauses of the fourteenth amendment to the United States Constitution. We disagree. A plethora of recent decisions by this court have specifically addressed and rejected defendant's constitutional challenge to the Illinois murder statutes. (See *People v. Guidry* (1991), 220 Ill. App. 3d 406, 581 N.E.2d 38; *People v. Brown* (1991), 218 Ill. App. 3d 890, 578 N.E.2d 1168; *People v. Wright* (1991), 218 Ill. App. 3d 764, 578 N.E.2d 1090; *People v. Willis* (1991), 217 Ill. App. 3d 909, 577 N.E.2d 1215; *People v. Cook* (1991), 217 Ill. App. 3d 299, 576 N.E.2d 1242; *People v. Hrobowski* (1991), 216 Ill. App. 3d 711, 575 N.E.2d 1306; *People v. Thomas* (1991), 216 Ill. App. 3d 469, 576 N.E.2d 1020; *People v. Collins* (1991), 213 Ill. App. 3d 818, 572 N.E.2d 1005; *People v. Lyons* (1991), 213 Ill. App. 3d 617, 572 N.E.2d 1163; *People v. Gore* (1991), 212 Ill. App. 3d 984, 571 N.E.2d 1041; *People v. Clark* (1991), 207 Ill. App. 3d 439, 565 N.E.2d 1373; *People v. Jerome* (1990), 206 Ill. App. 3d 428, 564 N.E.2d 221; *People v. Buckner* (1990), 203 Ill. App. 3d 525, 561 N.E.2d 335.) In the written briefs and at oral argument, defense counsel failed to present any new arguments which would necessitate our reconsideration of prior rulings by this court. Accordingly, for the reasons set forth in the above-mentioned cases, we

hold that sections 9—1 and 9—2 of the Criminal Code of 1961 do not violate the due process and equal protection clauses of the fourteenth amendment to the United States Constitution. Ill. Rev. Stat. 1985, ch. 38, pars. 9—1, 9—2.

Defendant next argues that the sentence imposed by the trial court is excessive and should be vacated or reduced. We disagree.

Attempted first degree murder and armed violence are both Class X felonies carrying a sentence of not less than six years and not more than 30 years' imprisonment. (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4, 33A—2, 1005—8—1(a)(3).) The sentencing judge is in the best position to consider matters relating to sentencing determinations and is vested with wide discretion in making a reasoned judgment as to the penalty appropriate to the particular circumstances of each case. (*People v. O'Neal* (1988), 125 Ill. 2d 291, 297, 531 N.E.2d 366, 368.) A sentence within the statutory guidelines that is alleged to be excessive will not be disturbed on review unless it is manifestly disproportionate to the nature of the offense. *People v. Cabrera* (1987), 116 Ill. 2d 474, 493-94, 508 N.E.2d 708, 716.

▮ Defendant contends that the sentence of 16 years' imprisonment imposed by the trial court was excessive and unduly harsh in relation to the nature and circumstances of the offense and the history and character of defendant. This contention is without merit. Defendant fired six shots at two police officers in the performance of their duties from a distance of no more than four feet, striking one of the officers four times. While it is true, as defendant argues, that neither of the officers sustained serious bodily injuries as a result of defendant's actions, we cannot disregard the fact that the only reason that Officer Speakes is alive today is because he was wearing a bulletproof vest.

The record reflects that the trial court took into consideration defendant's age, education, background, employment status, family status and lack of a significant criminal history when determining defendant's sentence. We, therefore, find no basis to conclude that the trial court abused its discretion when it sentenced defendant to a term of 16 years' imprisonment.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

TULLY and CERDA, JJ., concur.