NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180755-U

NO. 4-18-0755

FILED
August 5, 2020
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| RAY T. OVERTON, | ) | No. 90CF652 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Adam Giganti, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices Knecht and DeArmond concurred in the judgment.

**ORDER**

¶ 1  *Held:*  The appellate court granted counsel's motion to withdraw because no meritorious issues could be raised on appeal.

¶ 2  This case comes to us on the motion of the Office of the State Appellate Defender (OSAD) to withdraw as counsel. In May 2018, defendant, Ray T. Overton, *pro se* filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-1401 (West 2016)) and a motion for DNA testing pursuant to section 116-3 of the Code of Criminal Procedure (Criminal Code) (725 ILCS 5/116-3 (West 2016)). In October 2018, the trial court granted the State's motions to dismiss. Defendant appealed, and this court appointed OSAD to represent him on appeal.

¶ 3  In March 2020, OSAD filed a motion to withdraw. In support of its motion, OSAD contends that an appeal in this case would be without arguable merit. We agree, grant OSAD's motion to withdraw as counsel, and affirm the trial court's judgment.

¶ 4                      I. BACKGROUND

¶ 5                      A. Procedural History

¶ 6           In November 1991, a jury convicted defendant of first degree murder (Ill. Rev. Stat. 1989, ch. 38, ¶ 9-1(a)(1)). The State alleged that defendant and three others started a fist fight with the victim and later stabbed him in the head with screwdrivers. In January 1992, the trial court sentenced defendant to 90 years in prison.

¶ 7           On direct appeal, defendant challenged only that his sentence was excessive. In November 1992, this court affirmed. *People v. Overton*, No. 4-92-0096 (Nov. 5, 1992) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8                  B. The Petition for Relief From Judgment

¶ 9           In May 2018, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Civil Code (735 ILCS 5/2-1401 (West 2016)), alleging (1) he was improperly convicted and sentenced for intentional murder, but the State charged him with, and the jury relied upon, knowing murder, (2) "the Criminal Code of '1961' used in the charging instrument is unconstitutional in a 1990 case," (3) the detectives who interviewed defendant coerced him into making a confession based on threats and tricked him into signing a statement that contained material misrepresentations, (4) the detectives presented false testimony and other evidence at trial regarding defendant's statements, (5) the State introduced into evidence an audio recording that was edited to remove exculpatory evidence, (6) the State presented two articles of clothing with blood on them without demonstrating that the clothes were defendant's and that they were properly obtained by search warrant, and (7) one of the detectives who interviewed defendant was charged with filing false police reports in 2006.

¶ 10                  C. The Motion for DNA Testing

¶ 11 In May 2018, defendant also filed a motion for DNA testing, which was attached to his petition for relief from judgment. Defendant asserted that DNA testing of two blood stains on a pair of pants and a shoe that were presented at trial would "prove that [defendant] is innocent of murder." Defendant contended that the State failed to show that the clothing belonged to defendant or whose blood was on the clothing.

¶ 12                                    D. The State's Motions To Dismiss

¶ 13 In September 2018, the State filed two motions to dismiss. The first addressed defendant's petition for relief from judgment and argued that (1) the petition was untimely, (2) the claims were barred by *res judicata* or were forfeited because they were not raised in earlier proceedings, (3) certain issues were contradicted by the record, and (4) defendant's claims failed on the merits. The State's second motion to dismiss asserted that the motion for DNA testing was meritless because (1) the State never presented any clothing at trial, (2) defendant could not establish a chain of custody on any clothing because nothing in the record suggested the police ever had such clothing, and (3) defendant admitted at trial that he participated in a fight with the victim and that was where the blood came from.

¶ 14 Later in September 2018, the trial court conducted a hearing on the State's motions to dismiss. However, defendant indicated he had not received or reviewed either of the State's motions. The State provided copies of the motions to defendant in open court, and the court continued the hearing to allow defendant time to review the motions.

¶ 15 In October 2018, the trial court resumed the hearing on the State's motions. Following argument, the court granted the State's motions and dismissed the petition for relief from judgment and motion for DNA testing.

¶ 16                                    E. OSAD's Motion To Withdraw

¶ 17 Defendant appealed the trial court's dismissals, and this court appointed OSAD to represent defendant. In March 2020, OSAD filed a motion to withdraw, asserting that (1) defendant's petition was untimely and not subject to any exceptions, (2) the trial court followed proper procedure when dismissing the petition and motion, and (3) defendant's motion for DNA testing lacked merit and was properly denied. OSAD served a copy of its motion to withdraw on defendant. Defendant filed a single sentence response, asking "to withdraw his appeal due to not being able to afford counsel." We agree with OSAD, grant its motion, and affirm the trial court's judgment.

¶ 18                                    II. ANALYSIS

¶ 19                          A. Defendant's Petition Was Untimely

¶ 20 Section 2-1401 provides a statutory procedure for vacating a final judgment older than 30 days. 735 ILCS 5/2-1401(a) (West 2016). A petition challenging a final judgment must be filed not later than two years after its entry, unless the petitioner can demonstrate legal disability, duress, or fraudulent concealment. *Id.* § 2-1401(c); *People v. Vincent*, 226 Ill. 2d 1, 7, 871 N.E.2d 17, 22 (2007). A void judgment, such as one entered without subject matter jurisdiction or one based upon a facially unconstitutional statute, may be challenged at any time. *People v. Rucker*, 2018 IL App (2d) 150855, ¶ 18, 127 N.E.3d 93; *People v. Price*, 2016 IL 118613, ¶ 31, 76 N.E.3d 1240. The dismissal of a section 2-1401 petition without an evidentiary hearing is reviewed *de novo*. *Rucker*, 2018 IL App (2d) 150855, ¶ 16.

¶ 21 Defendant was convicted in 1991 and sentenced in 1992; he filed his petition in 2018, over a quarter century later. Defendant's petition alleged that (1) the charging instrument was defective, (2) his confession was coerced, (3) officers presented false testimony at trial regarding his confession, and (4) the State played a misleading, edited tape recording of his

- 4 -

confession at trial. All of these claims were known to defendant at or before the time of trial, and he provides no facts to suggest why he could not have raised them earlier. Indeed, as OSAD points out, most of these issues were raised by defendant at trial and presented to the jury.

¶ 22 Defendant raised one claim relating to information discovered after his conviction. Defendant attached a news article from 2006 alleging one of the detectives involved in his case was charged with filing false reports. However, defendant does not make any showing suggesting that the detective's misconduct related to his case or why he waited 12 years after the article was published to raise the claim. Defendant also makes one claim that could arguably fall into the category of "void" judgments. Defendant contends that he was convicted under the "Code of 1961," which was "unconstitutional" when "used for a 1990 murder." Defendant simply misunderstands that the short title for the entire criminal code in 1990 was the "Criminal Code of 1961." See Ill. Rev. Stat. 1989, ch. 38, ¶ 1-1 ("This Act may be cited as the Criminal Code of 1961."). The murder statute defendant was convicted under has been held constitutional on numerous occasions. *People v. Collier*, 228 Ill. App. 3d 159, 161, 592 N.E.2d 444, 446 (1992) (collecting cases).

¶ 23 B. Procedurally Proper

¶ 24 Next, OSAD considered whether the trial court followed all necessary procedural rules before granting the State's motion to dismiss. Generally, a trial court may not dismiss a section 2-1401 petition until the State has had an opportunity to respond. *People v. Laugharn*, 233 Ill. 2d 318, 323, 909 N.E.2d 802, 805 (2009). In the event the State files a dispositive motion, a defendant must likewise receive an opportunity to respond. *People v. Bradley*, 2017 IL App (4th) 150527, ¶ 19, 85 N.E.3d 591. Here, the State filed a motion to dismiss the petition, and defendant was given the opportunity to respond. At a subsequent hearing on the merits,

defendant addressed the State's motion to dismiss. Accordingly, the trial court's dismissal was procedurally proper.

¶ 25                    C. Motion for DNA Testing

¶ 26        Last, OSAD contends it examined whether the trial court properly denied defendant's motion for DNA testing. Section 116-3 of the Criminal Code (725 ILCS 5/116-3 (West 2016)) provides a criminal defendant a means of receiving forensic testing to demonstrate innocence when certain conditions are met. Relevant here, a trial court may order testing if it finds that "the result of the testing has the scientific potential to produce new, noncumulative evidence *** materially relevant to the defendant's assertion of actual innocence when the defendant's conviction was a result of trial, even though the results may not completely exonerate the defendant." *Id.* § 116-3(c)(1).  This court reviews the denial of a section 116-3 motion *de novo*. *People v. LaPointe*, 2018 IL App (2d) 160432, ¶ 20, 129 N.E.3d 24.

¶ 27        Here, defendant claimed the State introduced pants and shoes at trial that had spots of blood on them. Defendant contended that testing the blood from these articles would advance his claim of innocence because (1) the State never showed that the items of clothing were his and (2) it is unknown to whom the blood belongs. We disagree.

¶ 28        As OSAD points out, the record demonstrates that the State never admitted any physical clothing into evidence. At trial, two witnesses and defendant referred to blood on defendant's pant leg and on the tongue of one of his shoes. However, defendant testified that the blood came from the initial fight between himself, his codefendants, and the victim. This testimony provided a non-murderous explanation for the blood, and it was supported by other witnesses who pointed out that defendant had very little blood on him while a codefendant was "splattered with blood" "from head to foot[.]" Defendant's conviction will not be impacted if the

- 6 -

victim's DNA is found because that is consistent with his testimony at trial. If the DNA belongs to someone else, at best that information is irrelevant and at worst it contradicts defendant's explanation.

¶ 29                                III. CONCLUSION

¶ 30        For the reasons stated, OSAD's motion to withdraw is granted, and the trial court's judgment is affirmed.

¶ 31        Affirmed.