NOTICE
Decision filed 05/21/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170381-U

NO. 5-17-0381

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 88-CF-641 |
| | ) | |
| WILLIE BANKS JR., | ) | Honorable |
| | ) | Jennifer L. Hightower, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Cates and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's dismissal of the defendant's section 2-1401 petition two days after the State filed a motion to dismiss and before the defendant had notice of and an opportunity to respond to the motion to dismiss denied the defendant procedural due process.

¶ 2    After a bench trial, the circuit court found the defendant, Willie Banks Jr., guilty of two counts of armed robbery. Prior to sentencing, the circuit court also found that the defendant qualified to be sentenced as a habitual criminal pursuant to the Habitual Criminal Act (Ill. Rev. Stat. 1987, ch. 38, ¶ 33B-2). The circuit court, therefore, sentenced the

1

defendant to natural life in prison. On direct appeal, this court affirmed the defendant's conviction and sentence. *People v. Banks*, 212 Ill. App. 3d 105 (1991).

¶ 3      The defendant subsequently filed a *pro se* petition pursuant to section 2-1401 of the Code of Civil Procedure (Code) (section 2-1401 petition) (735 ILCS 5/2-1401 (West 2016)), arguing that the Habitual Criminal Act was invalidly and illegally applied in his case. The defendant's allegations focused on the State's use of three armed robbery convictions that occurred in 1973, when the defendant was 15 years old, as part of the basis for qualifying him to be sentenced under the Habitual Criminal Act. The defendant further alleged that the State's fraudulent concealment of its improper use of the convictions hindered him from discovering the invalid and illegal application of the Habitual Criminal Act in his case.

¶ 4      The State filed a motion to dismiss the defendant's section 2-1401 petition. Two days later the circuit court granted the State's motion and dismissed the defendant's petition without affording the defendant an opportunity to respond to the motion. The defendant now appeals and argues that he was denied due process because he was not allowed a meaningful opportunity to respond to the motion to dismiss. In addition, the defendant argues that the circuit court improperly dismissed his petition before it was "ripe for adjudication." For the following reasons, we agree with the defendant's due process claim and remand for further proceedings consistent with this decision.

¶ 5                                    BACKGROUND

¶ 6      The defendant's natural life sentence in this case stems from convictions entered on January 26, 1989. After a bench trial, the circuit court found the defendant guilty of two counts of armed robbery. Prior to sentencing, and pursuant to section 33B-2 of the Habitual Criminal Act (Ill. Rev. Stat. 1987, ch. 38, ¶ 33B-2), the State filed a notice indicating that the defendant qualified to be sentenced as a habitual criminal, and set out the defendant's prior convictions which included the three convictions for armed robbery in April 1973 and a conviction for armed robbery in April 1978.

¶ 7      The defendant's presentencing investigation (PSI) report was filed on February 28, 1989. The PSI report included a section reflecting the defendant's history of delinquency and/or criminality. That section described the 1973 and 1978 convictions as follows. Under the heading "Juvenile," the PSI report stated that in 1973 the State filed a supplemental petition in a pending juvenile proceeding alleging that the defendant committed armed robbery and that the defendant was "[c]ertified to stand trial as an adult." Under the heading "Adult," the PSI report indicated that the defendant was convicted of armed robbery in 1973 and sentenced to "4 to 6 years Illinois Department of Corrections, Juvenile Division." The PSI report also listed the armed robbery conviction from 1978 under the "Adult" heading.

¶ 8      On April 25, 1989, the circuit court conducted a hearing to determine whether the defendant qualified as a habitual offender. At the hearing, an employee of the Madison County circuit clerk's office identified certified copies of armed robbery convictions of

3

"Willie Banks" in the three 1973 criminal cases. The clerk also identified a certified copy of the armed robbery conviction for "Willie Banks" in 1978.

¶ 9 An assistant state's attorney testified that he prosecuted the defendant in the 1978 armed robbery case. He identified the defendant as the Willie Banks he prosecuted. A police officer employed with the City of Alton testified that he participated in the investigations of the 1973 and 1978 armed robberies that led to the convictions in the 1973 and 1978 cases. He identified the defendant as the Willie Banks that was convicted in those cases.

¶ 10 Based on this evidence, the State argued that natural life in prison was the only sentencing option because the defendant had been convicted of three Class X felonies. The defense argued that the State failed to carry its burden under the Habitual Criminal Act because the certified convictions for the 1973 offenses did not include any age or other identity indicators of the person convicted in those offenses other than "Willie Banks." In addition, the defense noted that the defendant would have been 15 years old in 1973 and that the State failed to prove that the defendant "was certified to stand trial as an adult, which would be an element of that offense."

¶ 11 On August 15, 1989, the circuit court entered an order finding that the prior armed robbery convictions from 1973 and 1978 qualified the defendant as a habitual criminal under the Habitual Criminal Act. The defendant subsequently filed a motion requesting the circuit court to declare the Habitual Criminal Act to be unconstitutional. The circuit court denied the defendant's motion and sentenced the defendant to natural life in prison as

4

required by section 33B-1(e) of the Habitual Criminal Act (Ill. Rev. Stat. 1987, ch. 38, ¶ 33B-1(e)). In rejecting the defendant's challenges to the statute at the sentencing hearing, the circuit court stated that, after reading the statute, it could not find anything that would prohibit the Habitual Criminal Act from being applied to a defendant who was "tried as an adult even though that person may have been a juvenile at the time." The circuit court, therefore, sentenced the defendant to natural life in prison without the possibility of parole.

¶ 12    The defendant filed a direct appeal of his conviction and sentence, arguing that he should not have been qualified as a habitual criminal because he was only 15 at the time of the first armed robbery convictions. *People v. Banks*, 212 Ill. App. 3d 105, 106 (1991). He argued that applying the Habitual Criminal Act in his case constituted an impermissible double enhancement penalty because the provision in the Juvenile Court Act that allowed him to be tried as an adult (Ill. Rev. Stat. 1981, ch. 37, ¶ 702-7(3)) was an enhancing statute. The *Banks* court disagreed and affirmed the defendant's natural life sentence. The court held that the statute was "unambiguous and clear in its meaning" and that "[a]ny conviction may be used as a former conviction," regardless of whether the defendant was a juvenile or not. *Banks*, 212 Ill. App. 3d at 107.

¶ 13    On September 8, 2015, the defendant filed a *pro se* petition for postconviction relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2014)), arguing that his sentence under the Habitual Criminal Act violated his due process rights. The circuit court dismissed the postconviction petition at the first stage of the

postconviction proceeding. Although the defendant filed a notice of appeal of the dismissal, he did not pursue the appeal and it was dismissed.

¶ 14    On March 17, 2017, the defendant filed the *pro se* section 2-1401 petition that is the subject of the present appeal. In the section 2-1401 petition, the defendant argued that the Habitual Criminal Act was "invalid and illegal as applied" in his case and that the State's fraudulent concealment prevented the defendant from discovering his claim. Specifically, the defendant alleged that the State misrepresented the 1973 convictions as part of his adult criminal record. The defendant maintained that the circuit court entered a juvenile court disposition stemming from the 1973 armed robberies. The defendant alleged that the State had filed a motion to transfer the juvenile disposition "to be used and reflected as [an] Adult Criminal Record," but the circuit court denied that request.

¶ 15    On March 28, 2017, the circuit court entered an order granting the State 45 days to file a responsive pleading and granted the defendant "30 days *from the filing of the State's pleading* within which to file any response." (Emphasis added.) The circuit court stated in its order that on June 26, 2017, it would review the pleadings filed in the case.

¶ 16    On May 31, 2017, the State filed a motion for leave to file a motion to dismiss the section 2-1401 petition. The State alleged in the motion that the attorney handling the case had resigned and that a new attorney was assigned to handle the case. The State, therefore, requested leave to file a motion to dismiss 18 days past the designated filing date. The record indicates that the State's motion to dismiss was file stamped the same day as the filing of the motion for leave.

6

¶ 17    In its motion to dismiss the defendant's section 2-1401 petition, the State noted that subsection (c) of section 2-1401 required petitions under that section to be filed "not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2016). The State, therefore, argued that the defendant's section 2-1401 petition was untimely. Two days later, on June 2, 2017, the circuit court granted the State's motion for leave to file the motion to dismiss. In addition, in the same order, the circuit court also granted the State's motion to dismiss and dismissed the defendant's petition on the ground that it was untimely and that the defendant's claims were "not legally sufficient." The circuit court did not afford the defendant any opportunity to respond to the motion to dismiss.

¶ 18    Before receiving the circuit court's dismissal order, the defendant sent the circuit court a handwritten letter objecting to the State's request for leave to file the motion to dismiss, asking the court "to continue on the dates that has been ordered *** 6-26-17." The defendant wrote in his letter that he was "ready to prove and show [his] claim against the State." On June 23, 2017, the defendant filed a *pro se* response to the State's motion to dismiss alleging fraudulent concealment as a basis for tolling the time limit contained in section 2-1401(c). After receiving a copy of the dismissal order, on August 11, 2017, the defendant filed a *pro se* motion to reconsider in which he requested the circuit court to reconsider its order dismissing his section 2-1401 petition. The defendant again emphasized that he was claiming fraudulent concealment on the part of the State and argued that the circuit court's order did not address his fraudulent concealment claim. The circuit

7

court denied the defendant's motion to reconsider, and he now appeals the dismissal of his section 2-1401 petition.

¶ 19                                 ANALYSIS

¶ 20    On appeal, the defendant argues that the circuit court improperly dismissed his section 2-1401 petition on the State's motion without giving him a meaningful opportunity to respond. He argues that the dismissal violated his due process rights and that the dismissal was also improper because the section 2-1401 petition was not ripe for adjudication "under civil pleading rules." We agree with the defendant that the dismissal of his section 2-1401 petition violated the defendant's procedural[1] due process rights.

¶ 21    Here, the circuit court dismissed the defendant's section 2-1401 petition on the State's motion without an evidentiary hearing. Where the circuit court dismisses a section 2-1401 petition without a hearing, our review of the dismissal is *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 17 (2007). In addition, we note that a procedural due process claim presents a legal question that is also subject to *de novo* review. *Village of Vernon Hills v. Heelan*, 2015 IL 118170, ¶ 31.

¶ 22    Section 2-1401 of the Code allows for relief from final judgments more than 30 days after their entry, provided the petitioner proves by a preponderance of evidence certain elements. See 735 ILCS 5/2-1401 (West 2016); *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986) (identifying existence of meritorious defense and diligence in both the original

---

[1]"Procedural due process claims challenge the constitutionality of the specific procedures used to deny a person's life, liberty, or property." *People v. Cardona*, 2013 IL 114076, ¶ 15.

action and the collateral proceeding as elements). Section 2-1401 is a civil remedy that extends to criminal cases as well as civil cases. *People v. Sanchez*, 131 Ill. 2d 417, 420 (1989). A section 2-1401 petition must be filed not later than two years after the entry of the order or judgment. 735 ILCS 5/2-1401(c) (West 2016). However, the period during which the ground for relief is fraudulently concealed is to be excluded in computing the two-year limitations period. *Id.*

¶ 23    The supreme court has stated that "an action brought under section 2-1401 is a civil proceeding and, according to [the supreme court's] long-standing precedent, is subject to the usual rules of civil practice, even when [the action] is used to challenge a criminal conviction or sentence." *People v. Vincent*, 226 Ill. 2d 1, 6 (2007). The usual rules of civil practice that apply to proceedings under section 2-1401 include Illinois Supreme Court Rule 182(c) (eff. Jan. 1, 1967), which allows litigants 21 days to file a response to a motion to dismiss. In addition, a defendant who has filed a section 2-1401 petition is entitled to procedural due process during the litigation of his petition.

¶ 24    An individual's right to procedural due process is guaranteed by the United States and Illinois Constitutions. U.S. Const., amend. XIV, § 1; Ill. Const. 1970, art. I, § 2. The right entitles an individual to "the opportunity to be heard at a meaningful time and in a meaningful manner." (Internal quotation marks omitted.) *Bartlow v. Shannon*, 399 Ill. App. 3d 560, 571 (2010). The opportunity to be heard " 'has little reality or worth unless one is informed that the matter is pending.' " *BAC Home Loans Servicing, LP v. Mitchell*, 2014

9

IL 116311, ¶ 28 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

¶ 25    For example, in *People v. Gaines*, 335 Ill. App. 3d 292, 296 (2002), *abrogated on other grounds by Vincent*, 226 Ill. 2d at 12, the court held a petitioner's due process rights were violated when the circuit court dismissed a section 2-1401 petition after hearing a motion by the State and not providing the petitioner time to respond. The *Gaines* court recognized the "basic notions of fairness dictate that the defendant be afforded notice of, and an opportunity to respond to, any motion or responsive pleading by the State." *Gaines*, 335 Ill. App. 3d at 296.

¶ 26    Likewise, in *Merneigh v. Lane*, 87 Ill. App. 3d 852, 854 (1980), this court held that an inmate petitioner was denied due process when the State moved to dismiss the petitioner's *mandamus* petition without giving him notice of the motion to dismiss and opportunity to respond. The *Merneigh* court noted that basic due process required the petitioner to have, among other things, "a meaningful opportunity to respond to the motion by submitting a written memorandum in opposition thereto." *Id*.

¶ 27    More recently, in *People v. Rucker*, 2018 IL App (2d) 150855, ¶ 30, the court held that the defendant was deprived of due process when the circuit court dismissed his section 2-1401 petition before he had a meaningful opportunity to respond. In *People v. Bradley*, 2017 IL App (4th) 150527, the court held that the defendant's due process rights were violated where the circuit court considered the State's motion two days after it was filed

10

and dismissed the petition based on the State's arguments, and there was no indication that defendant was given opportunity to respond.

¶ 28 Also, we note that in *Vincent* the supreme court held that a section 2-1401 petition was in the nature of a complaint and governed by the rules of civil procedure. *Vincent*, 226 Ill. 2d at 8. Illinois courts have long recognized that civil practice in Illinois incudes the basic principle that a party receive notice and an opportunity to respond to a potentially dispositive motion. *Peterson v Randhava*, 313 Ill. App. 3d 1, 12 (2000). Such opportunity "is deeply imbedded in our concept of fair play and justice." *English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993).

¶ 29 In this case, in setting the ground rules for litigating the defendant's section 2-1401 petition, the circuit court extended the 21-day time limit provided in Rule 182(c) in which the defendant could file a response to any pleading filed by the State.[2] Specifically, the circuit court expressly granted the defendant "30 days *from the filing of the State's pleading* within which to file any response." (Emphasis added.) The court, however, did not afford the defendant 30 days to file a response to the State's motion to dismiss as required by its order nor did it provide the defendant the 21 days to respond as provided by Rule 182(c). The circuit court dismissed the section 2-1401 petition two days after the State presented the court with a request for leave to file the motion to dismiss past its due date. The circuit court granted the motion for leave to file the motion to dismiss and dismissed the

---

[2]The supreme court rules give circuit courts broad discretion in setting and extending the deadlines for the filing of pleadings. *Miller v. Consolidated R. Corp.*, 173 Ill. 2d 252, 260 (1996).

proceeding in the same order. The circuit court did so before the expiration of the time in which the defendant had to respond to the motion to dismiss and, in fact, before the defendant even knew that the State had filed a responsive pleading. It is self-evident that this procedure lacked fairness, and we concluded that the procedure violated the defendant's procedural due process rights.

¶ 30    In its brief, the State recognizes that the circuit court erred in prematurely dismissing the defendant's section 2-1401 petition without affording the defendant an opportunity to respond to the State's motion. Nonetheless, the State asks us to affirm the circuit court's dismissal as harmless error. On this point, we again find *Bradley* to be persuasive. In *Bradley*, the State argued that the appellate court should not remand the case because the circuit "court's 'procedural error' was not prejudicial." *Bradley*, 2017 IL App (4th) 150527, ¶ 20. The *Bradley* court disagreed, finding the circuit court's failure to give the "defendant an opportunity to respond to the State's motion to dismiss was inherently prejudicial and undermined the integrity of the proceedings." *Id.* ¶ 21 ("At times, 'it is important to stand on the side of due process, even at the cost of some inefficiency.' " (quoting *People v. Coleman*, 358 Ill. App. 3d 1063, 1071 (2005))).

¶ 31    In addition, harmless error analysis is based on the notion that a defendant's interest in an error-free proceeding must be balanced against societal interests in finality and judicial economy. *People v. Simms*, 121 Ill. 2d 259, 275-76 (1988). In addressing the type of procedural error that is at issue in this case, in the context of a criminal proceeding, Illinois courts have engaged in a harmless error analysis in cases where the defendants had

already "amassed *** a large number of meritless collateral challenges to their convictions or sentences." *People v. Stoecker*, 2019 IL App (3d) 160781, ¶ 13. In *Bradley*, where the court declined to engage in harmless error analysis, the defendant was appealing the dismissal of his only section 2-1401 petition after the appellate court had affirmed his direct appeal and the summary dismissal of his only postconviction petition. *Bradley*, 2017 IL App (4th) 150527, ¶¶ 3-4. Likewise, in the present case, the defendant is appealing the dismissal of his only section 2-1401 petition after he has appealed his sentence and filed one postconviction petition that was summarily dismissed and was not subject to appellate review. The history of this case, therefore, does not include "a large number of meritless collateral challenges."

¶ 32   Under these facts, societal interest in finality and judicial economy do not weigh heavily against the defendant's due process right to be heard on the merits of the State's motion. Fairness requires that the defendant be afforded the opportunity to fully litigate his section 2-1401 petition. Full litigation includes notice of, and the opportunity to respond to, the State's responsive pleading. Anything less in this case is unacceptable under due process standards. Accordingly, we vacate the circuit court's order dismissing the section 2-1401 petition and remand this case for further proceedings without consideration of the merits of defendant's petition. *Bradley*, 2017 IL App (4th) 150527, ¶ 21. Also, similar to *Bradley*, because we are remanding this case on procedural due process grounds, we need not address defendant's ripeness argument. *Id.*

13

¶ 33                                    CONCLUSION

¶ 34     For the foregoing reasons, we vacate the circuit court's judgment dismissing the defendant's section 2-1401 petition and remand for further proceedings consistent with this decision.


¶ 35     Judgment vacated and cause remanded.