NOTICE
Decision filed 11/15/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220421-U

NO. 5-22-0421

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 88-CF-641 |
| | ) | |
| WILLIE BANKS JR., | ) | Honorable |
| | ) | Ronald R. Slemer, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where the circuit court properly dismissed the defendant's petition for relief from judgment on the grounds that the petition was not filed within two years of the date on which the judgment under attack was entered, and where no argument to the contrary would have merit, the defendant's appointed appellate attorney is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 2    In the late 1980s, the defendant, Willie Banks Jr., was found guilty of two counts of armed robbery, and due to his criminal history, he was sentenced to natural life imprisonment. The judgment of conviction was affirmed on appeal. More recently, the defendant filed a petition for relief from judgment. See 735 ILCS 5/2-1401 (West 2016). The State filed a motion to dismiss his petition, and the circuit court granted the State's motion. The defendant now appeals from the dismissal. The defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that the instant appeal lacks merit, and on that basis, it has filed

1

with this court a motion to withdraw as counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a memorandum of law in support of the motion.

¶ 3 The defendant has filed *pro se* a three-page, handwritten response to OSAD's *Finley* motion. The defendant's response is styled, "Motion For To Preceed Pro-Se In The Appellate Court On 2/1401 (Under 735 ILCS 5/2-1401)." However, the motion of proceeding *pro se* is not mentioned, or even intimated, anywhere else in the response. The motion simply recapitulates parts of the procedural history of the case and repeats claims from the petition for relief from judgment.

¶ 4 Having examined the relevant portions of the record on appeal, and the materials submitted to this court by OSAD and by the defendant *pro se*, this court must deny the defendant's motion, grant OSAD's *Finley* motion, and affirm the judgment of the circuit court.

¶ 5                          BACKGROUND

¶ 6              Trial, Habitual-Criminal Proceeding, and Sentencing

¶ 7 In 1988, the defendant was charged with two counts of armed robbery, a Class X felony. See Ill. Rev. Stat. 1987, ch. 38, ¶ 18-2 (now 720 ILCS 5/18-2 (West 2022)). He waived his right to a trial by jury.

¶ 8 In January 1989, a bench trial was held. Judge Romani presided. The State's evidence of guilt was overwhelming. It featured a signed confession by the defendant ("I got the gun to do an armed robbery because I was desperate for some drugs") and the in-court identification of the defendant by the two women he had robbed in Alton, Illinois. On January 26, 1989, the circuit court found the defendant guilty on both counts of armed robbery.

¶ 9 Prior to sentencing, the State filed a "Notice of Former Convictions," advising the court that the defendant was eligible to be sentenced as a habitual criminal pursuant to the Habitual

2

Criminal Act (Act) (Ill. Rev. Stat. 1987, ch. 38, ¶¶ 33B-1 through 33B-3).[1] The State filed with the court a verified written statement, signed by the state's attorney of Madison County, concerning the defendant's prior convictions for armed robbery in 1973 and 1978. See Ill. Rev. Stat. 1987, ch. 38, ¶ 33B-2(a).

¶ 10    In April 1989, the circuit court held a hearing, with Judge Romani presiding, in order to determine the issue of the defendant's prior convictions *vis-à-vis* the Act. See Ill. Rev. Stat. 1987, ch. 38, ¶ 33B-2(a). (This hearing, and the court's subsequent ruling, were at the center of the defendant's section 2-1401 petition, the dismissal of which is the subject of the instant appeal.) At that hearing, James May, of the Madison County circuit clerk's office, testified that he kept the records of the criminal court. He identified a certified copy of the defendant's conviction for armed robbery in case No. 73-CF-24. May also identified a certified copy of the defendant's conviction in case No. 78-CF-27; it included a jury verdict of guilty, a sentencing order, and an order of the appellate court affirming the judgment of conviction. Don Weber, an assistant state's attorney, testified that in case No. 78-CF-27, he had successfully prosecuted the defendant for armed robbery, before a jury. The certified copy of the conviction in case No. 78-CF-27, Weber further testified, included the jury's verdict finding the defendant guilty of armed robbery, plus the sentencing order, and the order of the appellate court affirming the judgment of conviction. The certified copies of conviction in Nos. 73-CF-24 and 78-CF-27 were admitted into evidence. (Those certified copies are not part of the record in the instant appeal.)

¶ 11    Subsequently, in August 1989, the circuit court entered a written order in which it presented its findings on the prior-convictions issue. See Ill. Rev. Stat. 1987, ch. 38, ¶ 33B-2(a). The court found that the instant offenses were committed after the effective date of the Act, and that the prior

---

[1]The Act was repealed by Public Act 95-1052, § 93 (eff. July 1, 2009).

convictions were entered on April 19, 1973, and May 9, 1978. The court also found that the defendant's instant offenses were committed within 20 years of the date that judgment was entered on the first conviction, that the instant offenses were committed after conviction on the second offense, and that the second offense was committed after conviction on the first offense. Thus, the court concluded that the prior offenses satisfied the requirements of the Act. See Ill. Rev. Stat. 1987, ch. 38, ¶ 33B-1(a)-(d).

¶ 12     On August 22, 1989, the court, with Judge Romani presiding, sentenced the defendant to mandatory life imprisonment under the Act. See Ill. Rev. Stat. 1987, ch. 38, ¶ 33B-1(e). The next day, the defendant appealed to this court from the judgment of conviction.

¶ 13     On appeal to this court, the defendant stated that the habitual-criminal adjudication in his particular case constituted an impermissible double enhancement of penalties. His argument stemmed from the fact that at the time of his first armed-robbery convictions in criminal court, in 1973, he was only 15 years old. The prayer for relief sought vacatur of his adjudication and sentence as a habitual criminal, plus a remand for resentencing.

¶ 14     In April 1991, this court disagreed with the defendant. It affirmed the judgment of conviction. *People v. Banks*, 212 Ill. App. 3d 105 (1991).

¶ 15           The Defendant's Postconviction Petition, and His Aborted Appeal

¶ 16     In September 2015, the defendant filed a petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2014)). (The postconviction petition was accompanied by a motion for leave to file a successive postconviction petition. However, this petition was the defendant's first, and not a successive, petition.) The defendant argued that the Act, under which he was being held in prison, violated due process because it was unconstitutionally vague. In November 2015, the circuit court entered an order that denied the

4

postconviction petition. The defendant appealed, and OSAD was appointed to represent him. However, the defendant eventually filed a motion to dismiss the appeal. This court granted his motion and dismissed the appeal. *People v. Banks*, No. 5-15-0539 (Dec. 13, 2017) (dismissed on defendant's motion).

¶ 17   Petition for Relief from Judgment: The Subject of the Instant Appeal

¶ 18 In March 2017, the defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)). The defendant asserted that he was "entitled to Relief, when conduct of a Party is because of Fraudulent Concealment." He argued that his life sentence in this case was "invalid and illegal" for the following reasons:

> "a. That [the State] engaged in Fraud Upon The Court, when prior to Notice and a sentencing Hearing in the Adult Circuit Court, and in the prior Juvenile Proceeding, whereby that Court denied the People's Motion and Request to Transfer a Juvenile Disposition, i.e., a 1973 Juvenile Court Disposition for Armed Robbery, to be used and reflected as a Adult Criminal Record.
>
> b. That [the State] engaged in Falsifying A Record when the Juvenile Court denied in a prior Proceeding a request to transfer a Juvenile Court Disposition to a Adult Criminal Record. Whereby [the State] acting in the Adult Proceeding under Color of Statute, did enter the Juvenile Court Disposition of a 1973 Armed Robbery as part of a 'Record Of Proceeding'.
>
> c. The [the State] acting under Fraudulent Concealment did so by asserting in a Adult Proceeding, that under 'Color of Statute', based upon a Public Act effective as law in 1978, commonly known as the Habitual Criminal Act, whereby the Court entered a Natural Life

5

Sentence on a Non-Transferable Juvenile Court Disposition of an Armed Robbery entered in 1973."

For relief, he sought a hearing on his claims and a resentencing on the instant armed-robbery counts.

¶ 19     Attached to the section 2-1401 petition was a one-page affidavit signed by the defendant. In it, the defendant swore that he had "personal and direct knowledge" that the State had filed a petition to transfer his 1973 armed-robbery disposition from the juvenile court to the adult criminal court, but "Judge John Gitchoff" denied the State's petition, and the State did not appeal the judge's decision.

¶ 20     The circuit court entered an order granting the State 45 days to file a response to the defendant's petition.  (It needed to grant the State only 30 days to respond, as noted *infra*.)  The order also granted the defendant "30 days from the filing of the State's pleading within which to file a response."

¶ 21     On May 31, 2017, the State filed a motion to dismiss the section 2-1401 petition, on the grounds that the petition was filed more than two years after the entry of the judgment that was being attacked.  On that same date, according to a proof of service, the State served the defendant with a copy of its motion to dismiss, by mailing the copy to him at the Pinckneyville Correctional Center.

¶ 22     On June 2, 2017—just two days after the State filed its motion to dismiss and mailed a copy of it to the defendant—the circuit court entered an order granting the State's motion and dismissing the defendant's petition.  The court did not afford the defendant any opportunity—let alone the "30 days from the filing of the State's pleading"—to respond to the State's motion to

dismiss. The defendant appealed from the dismissal of his section 2-1401 petition, and OSAD was appointed to represent him.

¶ 23 In May 2020, this court entered an order agreeing with the defendant that he had been denied due process when the circuit court dismissed his section 2-1401 petition without giving him a meaningful opportunity to respond to the State's motion to dismiss. This court vacated the dismissal of the defendant's section 2-1401 petition and remanded this cause for further proceedings consistent with its order. *People v. Banks*, 2020 IL App (5th) 170381-U. This court issued its mandate in August 2020.

¶ 24 In June 2020—between the entry of this court's order in 2020 IL App (5th) 170381-U and the issuance of its mandate—the defendant filed a *pro se* "motion to deny the State's motion to dismiss petition to vacate judgment under 735 ILCS 5/2-1401." The defendant did not call for a hearing on this *pro se* motion.

¶ 25 On May 3, 2021, the defendant filed a *pro se* "motion to amend petition to vacate void judgment pursuant to section 2-1401." He argued that he was "actually innocent of the habitual offender statute." In his case, the defendant stated, "the circuit court was without jurisdiction to hear and adjudicate Habitual Offender matters because the [defendant's] 1973 juvenile conviction for armed robbery does not retroactively validate the requirements of the statute." He asked that his natural life sentence be "reversed." The proof of service does not show that the defendant mailed a copy of this *pro se* motion to the State. The defendant did not call for a hearing on this *pro se* motion.

¶ 26 On March 10, 2022, the prosecutor and the defendant *pro se* appeared before the circuit court for a hearing on the State's motion to dismiss the defendant's section 2-1401 petition. (The

7

State filed its motion to dismiss in May 2017.) Judge Slemer presided. The court heard arguments from the prosecutor and from the defendant *pro se*.

¶ 27 The prosecutor argued that the defendant filed his section 2-1401 petition well beyond the two-year statutory limitations period, and thus the petition could not be considered by the court. Despite this simple, easy-to-understand argument about the limitations period, the prosecutor, for good measure, went on to address the two issues that the defendant raised in his section 2-1401 petition—that he was wrongly sentenced as a habitual offender, and that his sentence was void because the State knowingly participated in fraudulent concealment. As for the first of those two issues, the prosecutor argued that the issue had already been "litigated *ad nauseum*" and that the defendant "clearly had two prior Class X adult convictions at the time that he was sentenced." As for the second issue, the prosecutor commented that he did not see "any facts or any pleadings or any types of evidence or an affidavit or anything to support [the issue]. I'm actually having a hard time understanding what it is he's alleging that the State did and what the State concealed."

¶ 28 For his part, the defendant argued *pro se* that the defendant's Class X convictions from 1973 and 1977 could not be used as part of the basis for punishing him as a habitual criminal because the Act became effective on February 1, 1978, and "it's not retroactive" to 1977 and 1973. Also, the defendant asserted that at the April 1989 hearing on the defendant's Act-related prior convictions, the state's attorney, the employee of the circuit clerk's office (James May), and Judge Romani "lied, plain and simple. They lied." Specifically, the defendant asserted that they had lied about his prior convictions. When the defendant said that he had not received a copy of the State's motion to dismiss his section 2-1401 petition, the court ordered the State to give him a copy. The State provided the copy to the defendant, and the court gave the defendant 30 days to submit further arguments in writing. (The record on appeal does not include further arguments in writing.)

8

¶ 29    The record on appeal does not include a proof of service showing that the State mailed the defendant a copy of its motion to dismiss, as the court had ordered it to do. The record also does not include the defendant's further arguments in writing.

¶ 30    On June 2, 2022, the circuit court entered an order that granted the State's motion to dismiss the defendant's section 2-1401 petition. The court noted that a section 2-1401 petition must be filed not later than two years after entry of the order of judgment that is being attacked. The court further noted that when computing the two-year period, the court excludes the time that the person seeking relief was under legal disability, or the time that the ground for relief was fraudulently concealed from him, and that the two-year limitations period simply does not apply where the judgment is void due to either a lack of personal or subject-matter jurisdiction or the judgment's being based on an unconstitutional statute. The court found that "[n]one of those factors" appears in the instant case. According to the court, the defendant's section 2-1401 petition was nothing more than "an attempt to re-litigate" the issue of sentencing under the Act in relation to the defendant's age at the time of his first Class X conviction, the issue that was resolved in the direct appeal in 1991.

¶ 31    The defendant appealed. OSAD was appointed to represent him.

¶ 32                                     ANALYSIS

¶ 33    This appeal is from the circuit court's order granting the State's motion to dismiss the defendant's petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)). The defendant's appointed attorney, OSAD, has concluded that this appeal has no merit. This court agrees.

9

¶ 34    "Section 2-1401 establishes a comprehensive, statutory procedure that allows for the vacatur of a final judgment older than 30 days." *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). It is a civil remedy that extends to criminal cases, as well. *Vincent*, 226 Ill. 2d at 8.

¶ 35    Under the statute, a defendant starts to seek relief by filing a petition. 735 ILCS 5/2-1401(a), (b) (West 2022). "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *Vincent*, 226 Ill. 2d at 7-8. Proceedings on a section 2-1401 petition are intended to remedy "errors of fact, not law." *People v. Pinkonsly*, 207 Ill. 2d 555, 565 (2003).

¶ 36    The petition must be filed "not later than 2 years" after the entry of the judgment under attack. 735 ILCS 5/2-1401(c) (West 2022). "Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." 735 ILCS 5/2-1401(c) (West 2022). Finally, a void judgment may be attacked at any time. 735 ILCS 5/2-1401(f) (West 2022).

¶ 37    Once a section 2-1401 petition has been filed, the opposing party (that is, the State, in a criminal case) has 30 days to answer the petition or otherwise plead in response. See *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009). After those 30 days have passed, and only then, does the petition become " 'ripe for adjudication.' " *Laugharn*, 233 Ill. 2d at 323.

¶ 38    The dismissal of a section 2-1401 petition is reviewed *de novo*. *Laugharn*, 233 Ill. 2d at 322; *Vincent*, 226 Ill. 2d at 18.

¶ 39    Here, the defendant was sentenced, and the final judgment was entered on August 22, 1989. The defendant did not file his section 2-1401 petition for relief from that judgment until March 2017. Nearly 28 years elapsed between the time of the final judgment in this case and the section

10

2-1401 petition attacking it. To say the least, the defendant missed the two-year limitations period by a substantial amount of time.

¶ 40 In regard to the delay in filing, the section 2-1401 petition did not allege that the delay was due to the defendant's legal disability or duress. Those factors went unmentioned.

¶ 41 The petition did use the phrase "fraudulent concealment." However, the phrase was used only in connection with the allegation that the State had perpetrated a "fraud upon the court" by "falsifying a record" that the defendant's 1973 armed-robbery case had been transferred from juvenile court to adult criminal court. (It was the defendant's 1973 armed-robbery conviction, combined with an armed-robbery conviction from 1978, that made a life sentence for the defendant mandatory in this case, under the Act.) There was no allegation or indication in the section 2-1401 petition that the grounds for relief had been hidden *from the defendant*.

> "To make a successful showing of fraudulent concealment, the defendant must allege facts demonstrating that his opponent affirmatively attempted to prevent the discovery of the purported grounds for relief and must offer factual allegations demonstrating his good faith and reasonable diligence in trying to uncover such matters before trial or within the limitations period [of section 2-1401]." (Internal quotation marks omitted.) *People v. Coleman*, 206 Ill. 2d 261, 290 (2002).

Indeed, in the defendant's affidavit that he attached to his section 2-1401 petition in March 2017, the defendant gave the impression that he knew, all along, the truth that the State (allegedly) had fraudulently concealed at the April 1989 hearing on prior convictions pertinent to the Act. As OSAD points out in its *Finley* memorandum, the defendant wrote that he had "personal and direct knowledge" that the State had filed a petition to transfer his 1973 armed-robbery disposition from the juvenile court to the adult criminal court, but that "Judge John Gitchoff" had denied the State's

11

petition. The defendant did not need time to uncover any facts relating to his 1973 armed-robbery case within the relevant limitations period. *Coleman*, 206 Ill. 2d at 290.

¶ 42 Finally, the defendant's section 2-1401 petition attacked a judgment of conviction that is not, in any way, void. In Illinois, there are "only two circumstances when a judgment will be deemed void: (1) when the judgment was entered by a court that lacked jurisdiction or (2) when the judgment was based on a statute that is facially unconstitutional and void *ab initio*." *People v. Abdullah*, 2019 IL 123492, ¶ 13. Here, the court plainly had jurisdiction over the defendant and the Madison County armed robberies that he had committed. Also, the judgment was not based on a facially unconstitutional statute. Neither the Act nor any other statute involved in this case was unconstitutional on its face. See *People v. Wilson*, 257 Ill. App. 3d 826, 834-36 (1994) (holding that the Act is not unconstitutional, and reviewing various Illinois decisions in which various constitutional challenges were unsuccessfully raised).

¶ 43                                   CONCLUSION

¶ 44 The defendant filed his section 2-1401 petition far beyond the two-year limitations period. The State filed a motion to dismiss the petition, and the circuit court granted the State's motion in accordance with section 2-1401 and the relevant case law. No arguments to the contrary would have any merit. Therefore, OSAD's *Finley* motion to withdraw as counsel must be granted, and the judgment of the circuit court, dismissing the defendant's petition, must be affirmed. Also, as mentioned *supra*, the defendant's (possible) motion to proceed *pro se* is denied.

¶ 45 Defendant's motion denied; OSAD's motion granted; judgment affirmed.

12